[No. 19069. Department Two. March 4, 1925.]

## William Cornick et al., Respondents, v. C. F. Nordby, Appellant.[1]

Highways (52, 57)—Automobiles—Negligent Use—Evidence—Sufficiency. A verdict for damages in a collision of cars is sustained where there was evidence that plaintiff's car, travelling as far to the right as possible, was struck by defendant's car, attempting to pass without warning another car, on a curve, where he did not have a clear view ahead of two hundred yards.

New Trial (29)—Grounds—Surprise—Testimony and Conduct of Witness. Error cannot be assigned in failing to grant a new trial because plaintiff's testimony was materially different from that which she gave on a former trial, where she was a foreigner, the reporter had difficulty in reporting her answers, and her testimony at both trials was all before the jury.

Appeal from a judgment of the superior court for King county, Blake, J., entered June 14, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained in an automobile collision. Affirmed.

*Van Dyke & Thomas,* for appellant.

*G. F. Vanderveer* and *Everett C. Ellis,* for respondents.

Holcomb, J.—Respondents had judgment in the court below in the sum of $1,000 for injuries to their automobile, for the services of the husband in nursing the wife for ten days, and for injuries, pain and suffering to the wife, occasioned by a collision between the car of respondents and the car of appellant. The collision occurred while it was still daylight, between six and seven o'clock p. m. on April 29, 1923, on the paved highway on the road between Renton and Issaquah.

There had been a previous trial between the same parties which resulted in a verdict in respondents'

[1]Reported in 233 Pac. 278.

favor in the sum of $95, upon which a new trial was granted, among other things, on the ground of inadequacy of the verdict. After the granting of the new trial, respondents amended their complaint and alleged the cause of action somewhat differently, and alleged some of the items of recovery differently. After the instructions were given in the present case, respondents were permitted to amend their complaint to conform to the proof to the effect that the husband's services in nursing his wife were of the value of sixty dollars, instead of asking for the value of the deprivation of the husband's earnings as a carpenter. To this trial amendment no exception was taken by appellant, but a certain instruction, No. 14, to which appellant excepted, was not re-worded, and appellant took an exception to that instruction as to the recovery for the husband's services up to sixty dollars, and also excepted to the portion of the instruction permitting an award for pain and suffering.

Although there was much conflict in the evidence, the facts which the jury were justified in resolving in favor of respondents were substantially as follows:

The roadway on which the collision occurred makes a long curve about two miles east of Renton. It was dry at the time. Although appellant contends to the contrary, there was a preponderance of the evidence that it was. Respondents were driving a Ford truck towards Issaquah, where they lived on a five-acre ranch. The grade on that portion of the highway is scarcely noticeable. Respondent, the husband, who was driving, had been driving at about 25 miles an hour, but intending to stop at a gas station on the right-hand side of the highway to him, he slowed down to 10 miles per hour, because he knew cars would be coming out from the gas station on his right, and also because he noticed appellant's car coming down the middle of the

roadway about 300 feet distant. On respondents' right there was a ditch about two feet deep, and between the pavement and the ditch the ground was rather sandy, level with the pavement, and only about eighteen inches wide. On the other side of the pavement to the left of respondents there was no ditch, and the adjoining earth was level with the pavement. Each driver observed the other when they were about 300 feet apart. On the right of appellant, as he drove towards Renton, a gravel road entered the highway. One Clark, with his wife, in another car, had been parked on, or beside, the gravel road off the pavement and parallel with it, and he, about that time, started his car, turning gradually onto the pavement. When appellant observed the Clark car he decided to pass it, cut into the middle of the highway, and maintained that position until the collision. When respondents first observed appellant's car it was to the rear of the Clark car. Appellant overtook the Clark car, which was driving between fifteen and twenty miles an hour, at a distance of from 175 to 250 feet from the car of respondents. At the time appellant attempted to pass the Clark car he did not have a clear view ahead of 200 yards, and did not keep to the extreme outside of the curve. He caught up with the Clark car just before the collision, and his car slightly brushed or tipped the Clark car. Respondents were at all times on their own side of the road, and could not, under the conditions existing there, have gotten any further out of the way of appellant.

Appellant contends that his car skidded because the pavement was wet; but the other parties and the Clarks say that the pavement was not wet, and no one saw the car skid. Appellant contends that he blew his horn all the time he was applying his brakes to his car, but the Clarks, whose car he was passing, did not hear any

horn blowing, and it was for their benefit that the horn must have been sounded before attempting to pass them, and appellant says that the horn could have been heard two or three blocks away. Neither did the Cornicks hear it. Clark noticed the car of respondents coming up the hill and that it was on their own side of the pavement.

The injuries to Mrs. Cornick were quite painful and serious. She was confined to her bed for ten days, suffering a great deal of pain. Her left knee and her right shoulder were severely bruised, and at the time of the trial there was a limitation of motion in her right arm, so that she was unable to do the work she was accustomed to do previously.

Under the foregoing conditions and circumstances as shown by respondents, there was ample evidence to justify a verdict in their favor by the jury, and of the amount of recovery of which appellant complains. *Collins v. Nelson*, 112 Wash. 71, 191 Pac. 819.

Appellant contends, among other things, that a new trial should have been granted because it is asserted the testimony of Mrs. Cornick was materially changed from the testimony given by her at the former trial. It appears that Mrs. Cornick is a foreigner and her understanding of English is very imperfect. The court reporter who reported the questions propounded to her and her answers thereto at the former trial admitted that he had difficulty in understanding her at times. The questions and answers alleged to have been given by her at the former trial and her testimony at the last trial were all before the jury, who weighed the evidence and judged her credibility and passed upon the attempted impeachment of Mrs. Cornick's testimony, as was their province.

Appellant vigorously argues that certain instructions given by the trial court were erroneous, and certain

instructions requested by appellant were erroneously refused; but we can see no merit in the contention. It would unnecessarily lengthen this opinion to set forth the instructions given or the rejected instructions requested, but having examined the instructions given we are satisfied that they correctly state the law applicable to the situation, and that those of the instructions requested by appellant which were not given either did not correctly state the law or were in substance given by the court.

After an examination of all the assignments of error and considering the arguments on behalf of appellant, we can see nothing justifying a reversal of the judgment.

Affirmed.

Tolman, C. J., Mackintosh, Mitchell, and Fullerton, JJ., concur.