[No. 20913.  Department Two.  March 8, 1928.]

Joe Kardong, *Respondent*, v. Albert M. Allen,
*Appellant*.[1]

[1] Highways (53, 57)—Negligent Use—Meeting and Passing
Other Vehicles—Evidence—Sufficiency. The driver of an
automobile is guilty of negligence rendering him liable for the
injuries inflicted, when he collides with a motor truck on a
slippery pavement in attempting to pass an automobile in front
of him without sounding his horn.

Appeal from a judgment of the superior court for
King county, Frater, J., entered June 4, 1927, upon
findings in favor of the plaintiff, in an action for dam-
ages to an automobile truck sustained in a collision.
Affirmed.

*Chas. W. Johnson,* for appellant.

*J. H. Templeton,* for respondent.

Holcomb, J.—On May 8, 1926, shortly after seven
o'clock in the morning, appellant, with his wife and son
and a friend by the name of Myers and his wife, left
Seattle, traveling north, in a Studebaker touring car,
bound for Bellingham. Appellant was driving, his
friend Myers occupying the front seat with him. In
the rear seat were the wife of appellant, their son and
Mrs. Myers. They traveled north upon the Pacific
Highway at a speed of not to exceed twenty-five or
thirty miles an hour. Respondent was engaged in
hauling flowers and produce on a Dodge truck and
was coming into Seattle, driving south, at about twenty-
five miles an hour, on the Pacific Highway.

The accident, out of which this cause of action grew,
occurred about one-half mile south of a place known as
Forest Park, where the highway is of concrete pave-

¹Reported in 264 Pac. 716.

ment, about fifty feet in width, with a slight grade downhill to the north. A few moments before the collision the Allen car was about to overtake and pass a Ford. At that time respondent's truck was some three hundred feet or more to the north and down this slight grade. At the moment appellant's car attempted to pass the Ford on the highway, the Ford, for some unaccountable reason, turned sharply to the center of the highway, striking the front hubcap of appellant's car, and Allen attempted to avoid collision with the Ford car by likewise turning suddenly to the left, toward the center of the highway, and applying the brakes. The highway was somewhat wet and slippery, and the efforts of appellant to avoid collision with the Ford car caused his car to skid violently and turn around, so that it faced to the south instead of the north. Appellant completely lost control of his car, and when it skidded and turned the rear end of his car struck respondent's truck. There is no evidence that appellant gave any warning by blowing his horn when he attempted to pass the Ford. While there is evidence that respondent saw the skidding and spinning of appellant's car when he was about one hundred and fifty feet away, and continued traveling toward the car of appellant, the evidence also shows that respondent turned his car to the right and drove off to the side as far as he could possibly go in that direction, on account of a ditch at the right of the highway. It was in that position when struck by the car of appellant.

Upon a trial to the court without a jury, the court found that respondent exercised due care in driving his car and that the collision was due to the carelessness and negligence of appellant; and the carelessness and negligence of appellant consisted in driving his car on the highway at the place in question at an excessive

and dangerous rate of speed, considering the condition of the highway, and did not have his car under control, but, on the contrary, operated it in such a manner as to cause it to skid across the highway and into and against the truck of respondent; and failed and neglected to operate his car in a careful and prudent manner so as not to endanger the life and property of other users of the highway.

The court also found the extent of damage to the car of respondent, as was disclosed by the evidence, to be $350; and upon these findings, conclusion of law and judgment were entered for the recovery of $350 by respondent.

[1] Upon appeal, appellant contends that the evidence shows that the collision was due to an inevitable accident; that the proximate cause of the collision was the conduct of the Ford car; and that, as disclosed by the evidence, the respondent himself failed to observe the last clear chance to avoid collision.

Under the findings of the trial court and the evidence in support thereof, it cannot be held that this was an inevitable accident. On the contrary, the attempt on the part of appellant to pass the Ford car, without blowing his horn indicating his intention so to do, was negligence. The slight contact with the Ford car undoubtedly caused appellant to lose control of his own car, but that resulted from the negligence of appellant. The loss of control of his car by appellant caused the collision with the car of respondent, which car had gotten out of the way as far as was possible.

This court has held that a verdict for damages in the collision of cars is sustained where there was evidence that plaintiff's car, traveling as far to the right as possible, was struck by defendant's car, attempting to pass without warning another car, on a curve, where he did not have a clear view ahead of two hundred

yards. *Cornick v. Nordby,* 133 Wash. 287, 233 Pac. 278.

It is true that this collision did not occur on a curve where there was not a clear view ahead of two hundred yards; but it did occur on a slippery pavement, where the passing of another car without warning, the driver of the other car having no information as to the attempt to pass, would be an act of negligence, under the existing conditions.

Neither is there any situation here requiring the application of the rule of the last clear chance to respondent.

We cannot see that the evidence preponderates against the findings of the trial court, and the judgment necessarily followed from the findings.

The judgment is therefore affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and FULLERTON, JJ., concur.