Appellant James R. Crabbs appeals a summary judgment of the Richland County Common Pleas Court dismissing his complaint for wrongful discharge against his former employer appellee Copperweld Tubing Products Company, Inc.:
ASSIGNMENTS OF ERROR:
 I. THE LOWER COURT ERRONEOUSLY ENTERED SUMMARY JUDGMENT AGAINST PLAINTIFF-APPELLANT JIM CRABBS ON HIS BREACH OF CONTRACT AND PROMISSORY ESTOPPEL CLAIMS FOR WRONGFUL DISCHARGE OF EMPLOYMENT.
 II. THE LOWER COURT ERRONEOUSLY DENIED JIM CRABBS' MOTION PURSUANT TO OHIO CIVIL RULE 15(A) TO AMEND HIS COMPLAINT.
 III. THE LOWER COURT ERRONEOUSLY GRANTED DEFENDANTS' SUBSEQUENTLY FILED MOTION TO AMEND THEIR ANSWER.
Appellee is a corporation engaged in the business of making steel tubing. In October of 1961, appellant began to work for appellee in its factory in Shelby, Ohio. Appellant started as an hourly employee, and a member of the United Steelworkers' Union.
In May of 1970, appellant was promoted to Supervisor of Inspection. Appellant claimed that he only agreed to leave the security of his union-protected position after the plant manager promised him he could only be terminated from the supervisory position for just cause. For the next twenty-one years, appellant was promoted through a variety of supervisory positions.
In 1985, appellant was reprimanded for disrupting a meeting of supervisors, which was called to discuss benefits. In March of 1991, appellee suspended appellant for seven working days due to complaints about his attitude. In addition, he was given a written ultimatum concerning his performance. After the reprimand in 1985, appellant began keeping copies of production records and other corporate documents for his own protection.
In addition to the oral promise in 1970 that he would only be discharged for just cause, appellant said he received the same oral promise five years later from a new plant manager. According to appellant, both men also orally promised him he would be put back into the union hourly work force if he ever lost his supervisory position. Appellant further claimed that at various times, he was provided access to company handbooks and policy manuals, which he claims made it clear that continued employment with the company was based upon performance and the financial health of the company.
After he returned from a disciplinary layoff in March of 1991, appellant claimed that he was repeatedly told that if he continued to perform at the level at which he was performing his job, he would have a long and rewarding career ahead of him. However, on October 20, 1992, appellee terminated appellant from his employment after a dispute between appellant and appellee's Vice-President of Operations.
Appellant brought the instant action claiming that he was wrongfully discharged. Appellant claimed an exception to employment-at-will doctrine based on implied contract and promissory estoppel.
The Richland County Common Pleas Court dismissed the complaint on summary judgment.
 I.
Appellant argues that the court erred in entering summary judgment on his claims of implied contract and promissory estoppel.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). We review summary judgment on the same standard and evidence as the trial court.Smiddy vs. The Wedding Party (1987), 30 Ohio St.3d 35.
IMPLIED CONTRACT:
Under the employment-at-will doctrine, the employment relationship between employer and employee is terminable at the will of either party; therefore, an employee is subject to discharge by an employer at any time, with or without cause. E.g., Henkel vs. Educational Research Council of America
(1976), 45 Ohio St.2d 249, 255. However, in Mers vs. DispatchPrinting Company (1985), 19 Ohio St.3d 100, the Ohio Supreme Court recognized, as an exception to the employment-at-will doctrine, the existence of implied or express contractual provisions, which alter the terms of employment regarding discharge. Id. at 104-105. The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge. Id. at paragraph two of the syllabus.
In Wright vs. Honda of America Manufacturing, Inc. (1995),73 Ohio St.3d 571, the Supreme Court revisited the issue of what other facts and circumstances could be considered by a trial court in ascertaining the existence of an implied contract of employment limiting the terms of discharge. In Wright, the plaintiff was discharged for violation of the company's anti-nepotism policy. In a split opinion, Justices Sweeney, Douglas and Resnick held that in addition to the facts and circumstances set forth in Mers, the trial court could consider evidence including, but not limited to, information contained in employee handbooks, oral representations made by supervisory personnel that employees have been promised job security in exchange for good performance, and written assurances reflecting company policy. Id. at 574-575. In a separate concurring opinion, Justices Pfeifer, Wright, and Moyer concluded that only facts relevant to the specific term or condition at issue in the case could be considered in determining whether an implied contract existed. Id. at 577. Therefore, in the Wright case, these three Justices concluded that only words and actions concerning the anti-nepotism policy could create an implied contract that the appellant would not be terminated without cause. Id. According to the concurring opinion, inspirational orientation remarks, employment handbook platitudes, bright-eyed promotion letters, and complimentary progress reports, all lacking direct promise of continued employment or reference to terms of employment, do not imply a contract. Id. Justice Cook dissented in the Wright case.
In Fisher vs. Owens Corning Fiberglass Corporation (June 14, 1996), Licking App. No. 95-CA-100, unreported, this court considered the issue of whether oral representations made by a supervisor can create an implied contract. We concluded inFisher that because the Wright case was not a majority opinion and did not set forth syllabus law expanding the factors trial courts may consider, we must determine the issue based solely on the law as set forth in Mers. We further concluded that theWright case was the only Ohio case law specifically stating that oral representations made by supervisors may be considered. We concluded that such statements do not fall within the category of evidence a court may consider pursuant to Mers and, therefore, may not be considered in determining whether an implied contract exists.
Upon further review of the Fisher case, we conclude that our opinion in Fisher was incorrectly decided. Both the majority and concurring opinion in Wright allow the consideration of oral representations. The difference between the two opinions is that the concurring Justices would limit such evidence to those specifically concerning the issue of terms of discharge presented by the case at hand. However, even the concurring opinion in Wright accepts that both words and actions may be considered. Further, we disagree with our conclusion in Fisher
that oral representations may not be considered pursuant toMers. In fact, the Mers case involved oral representations limiting the employer's right to discharge the employee.19 Ohio St.3d at 103-104. Therefore, upon further review, we conclude that our opinion in Fisher is incorrect concerning whether oral representations made by supervisors may be considered as part of the facts and circumstances surrounding the contract of employment. Fisher is hereby reversed.
Because the trial court based its resolution of appellant's claim of implied contract solely on our opinion inFisher, the summary judgment as to the claim of implied contract is reversed. This cause is remanded to the Richland County Common Pleas Court with specific instructions to reconsider the claim of implied contract pursuant to the law as set out in the instant opinion.
PROMISSORY ESTOPPEL:
As set out in his complaint, appellant's claim for promissory estoppel pertains only to representations made to him in 1991 when he returned following his disciplinary suspension. According to appellant's deposition testimony, he was repeatedly promised between his return and his date of discharge that as long as he continued to perform at a high level, he would not have to worry about having a job. He was promised that he had a long and rewarding career ahead of him if he "kept up the good work."
The doctrine of promissory estoppel is applicable to oral at-will employment agreements. Mers, 19 Ohio St.3d at paragraph three of the syllabus. The test in such cases is whether the employer should have reasonably expected its representation to be relied on by the employee, and if so, whether the expected action or forbearance actually resulted and was detrimental to the employee. Id.
In the instant case, there is no evidence of detrimental reliance on these promises. In fact, appellant testified in his deposition that he would not have acted any differently if the statements had not been made. He testified that he would have gone back to work after his reinstatement, and continued to perform his job for appellee. He further testified that he never applied for another job, nor did he turn down a job based on the promises made by agents of appellee.
The summary judgment on the cause of action for promissory estoppel was appropriate.
The first Assignment of Error is sustained in part, and overruled in part.
 II.
Appellant argues that the court erred in overruling his motion for leave to amend his complaint pursuant to Civ.R. 15(A).
Appellant filed the instant action on January 28, 1997. On January 12, 1998, he sought to amend the complaint based on a representation that appellant had just learned of theFisher case from this court. Included in the amendment was an amendment to the promissory estoppel claim, adding the representations made to him in 1970 and 1975. The court overruled the motion for leave to amend.
While Civ.R. 15(A) favors a liberal policy when the trial court is confronted with a motion to amend a pleading, the role of this court is to determine whether the trial court's decision was an abuse of discretion, not whether it was the same decision we might have made. Wilmington Steel vs.Cleveland Electric Illuminating Company (1991), 61 Ohio St.3d 120,122. The term "abuse of discretion" connotes more than an error or law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Id.
In the instant case, appellant has not demonstrated that the court abused its discretion.
The parties engage in extensive argument concerning whether the judgment of the federal district court between the same parties concerning the collective bargaining agreement isres judicata on the issue of promissory estoppel concerning the 1970 and 1975 promises. Without engaging in an extensive analysis of concurrent and pendant jurisdiction between state and federal courts, we find that the court did not abuse its discretion in denying the motion for leave to amend. Appellant filed the motion for leave to amend one year after the complaint was filed, claiming he had just discovered a case arising from this court, which was decided one year before the first complaint was filed. In addition, the alleged promises, which appellant intended to add to his complaint, occurred in 1970 and 1975, more than twenty years prior to the filing of the complaint. Therefore, none of the matters with which appellant sought to amend his complaint were recent developments in the law, or recent discoveries concerning the facts of the case. The court did not abuse its discretion in denying the motion for leave to amend.
The second Assignment of Error is overruled.
 III.
Appellant argues that having denied his motion to amend the complaint, the court abused its discretion in allowing appellee to amend its answer. Appellant makes no legal argument on this issue, but rather argues in a one paragraph argument, "What is good for the goose is good for the gander." Brief of Appellant, October 14, 1998, at Page 27. As appellant has presented no legal argument as to why the court's judgment granting leave to amend the answer was a cause for discretion, the third Assignment of Error is overruled.
The summary judgment of the Richland County Common Pleas Court on the issue of promissory estoppel is affirmed. The summary judgment of the Richland County Common Pleas Court on the issue of implied contract is reversed. This case is remanded to that court with instructions to consider the issues under the law as set forth in the instant opinion, rather than on this court's prior decision in Fisher vs. Owens CorningFiberglass (1996), Licking App. No. 95-CA-100, unreported.
By: Reader, V.J. and Gwin, J. concur.
Wise, P. J. concurs separately.
--------------------
--------------------
 -------------------- JUDGES