OPINION AND JUDGMENT ENTRY
This case is on appeal from the February 10, 1999 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellees, the Ohio Civil Rights Commission and Gregory J. Gerity. On appeal, appellant, Peaceful Acres Mobile Home Park, asserts the following assignments of error:
 "1. The Civil Rights Commission can not [sic] change the terms of a rent contract Greg Gerity agreed to pay; which includes water and sewer service for his family members; when he signed the acknowledgement at the bottom of the rent contract and moved into Peaceful Acres.
 "2. Greg Gerity is guilty of vexatious conduct for using the false pretense I was discriminating against families with children; to camouflage the fact the additional $2.00 charge was for the additional water and sewer service used by the additional residents over two; to create allegations which do not have evidentiary support to extort money.
 "3. The Civil Rights Commission responsibility was to check the validity of the accusation before sending me letters claiming I owed them $90,000.00 on July 12, 1993, and August 8, 1993.
 "3(sic). The Civil Rights Commission should have terminated the case, after they admitted they never had a case August 31, 1995.
 "5. Gerity is guilty of twelve counts of malicious Vexatious conduct for filling [sic] vexatious frivolous Court Cases which have no legal merit, except to undermine my authority to raise rents, to control my rents. To spread canard, slander, and disparagement to destroy my credibility; extort money, and cause me unnecessary emotional stress, high blood pressure, and $35,000.00 legal fees and torturous business interference.
 "6. The winner of a case is awarded attorney fees and punitive damages not the loser.
 "7. The Civil Rights Commission continuing to pursue the same Civil Rights Case after they lost the case four times proves they are `Vexatious Malicious Litigators' who are guilty of `Vexatious Frivolous Conduct' which makes them guilty of Torturous Business Interference imposed merely To delay, to stress me out, so I will pay them extortion money to get them to stop harassing me.
 "8. The Civil Rights Commission admitted they never had a case; which entitles me to: (1) scansions. [sic] (2) Attorney fees and (3) Punitive damages."
The Commission filed a Petition for Summary Decree of Enforcement against appellant to have the court enforce appellant's August 8, 1996 order in an administrative proceeding involving Gerity and Peaceful Acres Mobile Home Park. Appellant was ordered to cease and desist certain unlawful retaliatory conduct and to pay actual and punitive damages of $5,495. The Commission also sought prejudgment interest. Gerity was later added as a party plaintiff. Appellant had never sought judicial review of the Commission's order. Appellees moved for summary judgment, which was granted on February 10, 1999.
An appellate court reviews summary judgment based upon the same standards as the trial court. Smiddy v. The WeddingParty, Inc. (1987), 30 Ohio St.3d 35, 36. Thus, we must determine if the requirements of Civ.R. 56(C) have been met. That rule provides that summary judgment is appropriate if:
 "* * * there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *" Civ.R. 56(C).
All of appellant's arguments raised on appeal concern the underlying administrative case. Appellant raises no arguments supporting a claim that appellees are not entitled to enforcement of the Commission's order. Assignments of error one, three, four, and six concern issues that should have been raised on appeal from the Commission's order, but were not. Therefore, those issues are now res judicata. Assignments of error two and five, concerning allegations that Gerity is a vexatious litigator or committed some other tort, and assignments of error seven and eight, concerning allegations that the Commission is a vexatious litigator and is subject to sanctions, are not relevant issues in this proceeding for enforcement of the Commission's order. Furthermore, we agree with the trial court that appellant did not produce any evidence to support these allegations.
Wherefore, all of appellant's assignments of error are not well-taken. Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.