OPINION
On February 17, 1998, Marquart Convention Services, Inc. ("Marquart") filed a complaint in the Franklin County Court of Common Pleas against Ohio Quarter Horse Association, Inc. ("OQHA"), setting forth claims for relief of breach of contract and unjust enrichment and a claim on an account. In its amended answer, OQHA asserted accord and satisfaction as an affirmative defense. On November 24, 1998, OQHA filed a motion for summary judgment asserting an accord and satisfaction had been reached between the parties and, therefore, its debt to Marquart had been discharged. Marquart filed a memorandum contra, and OQHA filed a reply.
On January 14, 1999, the trial court rendered a decision finding an accord and satisfaction existed and, therefore, granted summary judgment in favor of OQHA as to all claims. A judgment entry was journalized on January 29, 1999. Marquart (hereinafter "appellant") has appealed to this court, assigning the following as error:
 I. THE TRIAL COURT ERRED IN NOT REQUIRING THE APPELLEE, WHEN ASSERTING THE AFFIRMATIVE DEFENSE OF ACCORD AND SATISFACTION, TO PROVE THAT HE TENDERED THE CHECK TO THE APPELLANT ON THE EXPRESS CONDITION THAT IT WAS IN FULL SATISFACTION OF ALL CLAIMS BETWEEN THE PARTIES AS REQUIRED BY THE OHIO SUPREME COURT IN SEEDS, GRAIN HAY COMPANY V. CONGER_AND ALLEN V. R.G. INDUSTRIAL SUPPLY; OR, ASSUMING ARGUENDO THAT THE TRIAL COURT DID REQUIRE THE APPELLEE TO PROVE THAT HE TENDERED THE CHECK ON SUCH EXPRESS CONDITION, THE TRIAL COURT ERRED IN FINDING THAT THE APPELLEE MET THIS REQUIREMENT.
 II. THE TRIAL COURT ERRED IN FINDING NO GENUINE ISSUE OF FACT UPON WHICH REASONABLE MINDS COULD DISAGREE BETWEEN THE PARTIES AND IN SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE EVIDENCE SUBMITTED BY THE PARTIES LEAVES UNRESOLVED GENUINE ISSUES OF MATERIAL FACT.
 III. THE TRIAL COURT ERRED IN RELYING ON THE "TOTALITY OF THE CIRCUMSTANCES" TO DETERMINE IF THE APPELLEE PROVIDED THE PROPER NOTICE TO THE APPELLANT TO SATISFY THE REQUIREMENTS OF ACCORD AND SATISFACTION.
Appellant's assignments of error are interrelated and, therefore, will be addressed together. Appellant contends, in essence, that summary judgment should not have been granted because a genuine issue of fact exists as to whether or not OQHA (hereinafter "appellee") provided appellant with proper notice that a check tendered to appellant was in full satisfaction of appellee's debt. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club,Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. HarwickChem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
By way of a brief background of the facts, appellant (through its predecessor in interest) entered into a contract with appellee on October 8, 1996 whereby appellant was to provide decorating services for appellee's 1997 All-American Quarter Horse Congress Show. Such contract provided that the maximum charge for all services would be $95,000. Sometime prior to December 1, 1997, appellee paid appellant $75,000 for such services. On December 15, 1997, appellant forwarded an invoice to appellee for $95,000. Appellee replied that it would pay appellant an additional $5,000, for a total of $80,000. Appellant responded by sending appellee a second invoice totaling $104,021.67 and indicated appellant would accept $95,000. Appellee disputed appellant's figures. On January 22, 1998, appellee sent appellant a letter and a check for $5,000, stating that such check "should pay the Congress in full for 1997." Appellant subsequently cashed the check, and the present suit ensued.
As indicated above, appellee asserted accord and satisfaction as an affirmative defense. Accord and satisfaction is an affirmative defense to a claim for money damages and if accord and satisfaction is proved, the debt is discharged by operation of law. Allen v. R.G. Indus. Supply (1993), 66 Ohio St.3d 229,231. An accord is a contract between a debtor and a creditor whereby the creditor's claim is settled in exchange for a sum other than that which is allegedly due. Id. Satisfaction is performance of that contract. Id.
When accord and satisfaction is pled by the defendant as an affirmative defense, the court's analysis must be divided into three distinct inquiries: (1) the defendant must show that the parties went through a process of offer and acceptance — an accord; (2) the accord must have carried out — a satisfaction; and (3) if there was an accord and satisfaction, it must have been supported by consideration. Id. at paragraph one of the syllabus. An accord and satisfaction is accomplished when a creditor accepts and deposits a check which the debtor offers as full payment for an unliquidated or disputed debt. Id. at 232.
In Allen, the Supreme Court held that there are two essential safeguards built into the accord and satisfaction doctrine that protect creditors from overreaching debtors. Id. at paragraph two of the syllabus. Such safeguards are that there must be a good faith dispute about the debt, and the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt. Id. As to the latter safeguard, the offer must make it clear that the offeror seeks a total discharge.Id. at 232. The debtor must make it clear, in the eyes of a reasonable person, that the check is being tendered only on the condition that it is taken in full payment of the disputed claim.Id. at 233. A corollary to this rule is that the intention of the creditor in negotiating the check is not relevant. Id. The defendant can prove the existence of such a clear expression either through evidence of an agreement between the parties or by the words appearing on the check itself. Id.
In the case at bar, the facts are not in dispute. In an affidavit, Denny Hale, appellee's executive vice-president, stated that there were problems with the 1997 All-American Quarter Horse Congress Show. Prior to December 1, 1997, appellee paid appellant $75,000. On December 15, 1997, appellee received an invoice from appellant totaling $95,000. In response, appellee sent appellant a letter on December 16, 1997 stating there should not have been charges exceeding $95,000 and that several items agreed upon had not been completed or were not completed as proposed. Appellee further indicated that it would be willing to pay appellant a total of $80,000 and that it would send appellant a check for $5,000. Appellee stated that if appellant did not agree to this, appellant should let appellee know by December 22, 1997.
On December 31, 1997, appellant wrote appellee a letter stating that appellant's original offer of $95,000 still stood in spite of new totals. Enclosed was a new invoice totaling $104,021.67. Appellee responded by letter dated January 12, 1998. Appellee disputed appellant's new figures and pointed out that the contract set a maximum of $95,000. Appellee indicated that its tri-chairmen were meeting the following week, and appellant's December 31 letter and data would be shared with them. Mr. Hale stated in his affidavit that David Marquart, appellant's president and chief executive officer, requested to meet with the tri-chairmen. Mr. Hale told Mr. Marquart that the tri-chairmen were not interested in meeting with him and that Mr. Hale would notify Mr. Marquart if the tri-chairmen were willing to change their position of forwarding an additional $5,000.
On January 22, 1997, after the meeting of the tri-chairmen, Mr. Hale wrote appellant a letter and enclosed a $5,000 check. Mr. Hale indicated that the tri-chairmen had reconfirmed their original position. Further, Mr. Hale wrote "[e]nclosed is a check for $5,000 which should pay the Congress in full for 1997." Appellant cashed the check. In an affidavit, Mr. Marquart stated that at no time did appellee inform him that the check was tendered only on the condition that it be taken as payment in full on the account and that at the time the check was tendered, appellant did not accept it as payment in full, rather, appellant applied it as partial payment on appellee's account. Mr. Marquart stated that appellee's account remained delinquent.
The above evidence clearly shows a bona-fide dispute existed between the parties. The essential issue is whether or not appellant had reasonable notice that the $5,000 check was intended to be in full satisfaction of the debt. Appellant contends that the only evidence relevant to this issue is the January 22, 1997 letter sent with the check and that the parties' previous correspondence is immaterial. This court finds that the January 22, 1997 letter gave appellant reasonable notice that the check was to be in full satisfaction of the debt. However, in analyzing whether or not there was an accord, any evidence relevant to the process of reaching such an alleged accord may be considered.
Indeed, the Supreme Court has held that the defendant must show that the parties went through a "process" of offer and acceptance. Allen at paragraph one of the syllabus. Further, the Supreme Court stated that the existence of a clear expression that the check is given as full payment can be proven by evidence of an agreement between the parties. Id. at 233. This general proposition does not limit the evidence that may be considered in determining whether an agreement has been reached. In this same vein, the Supreme Court went on to state that the reasonable notice requirement could be proved by extrinsic evidence. Id.
Further support for our conclusion that any relevant evidence may be considered is the Supreme Court's discussion of accord and satisfaction in the context of contracts. The Supreme Court noted that in contract cases, as opposed to tort cases, the parties have dealt with one another before, and the creditor will generally have a relatively full understanding of the extent of his or her damages at the time of the settlement offer. Id. at 233-234. In other words, the dealings between the parties prior to the actual offer may be material. Given the above, a court clearly may consider relevant evidence other than and in addition to the actual check and any attached correspondence when determining whether an accord and satisfaction exists.
Notwithstanding this, the January 22, 1997 letter alone provides reasonable notice that the enclosed check was intended to be in full satisfaction of the alleged debt. The attached letter stated that such check "should pay the Congress in full for 1997." Appellant focuses on the word "should" and the fact that neither the letter nor the check expressly stated that the check was being tendered only on the condition that it is taken in full payment of the disputed claim and that if accepted, the debtor would be released from further liability. Such express language is not a requirement. Rather, what is required is a showing of reasonable notice in that the debtor must make it clear to a reasonable person that the check is tendered only on the condition that it is meant as payment in full. Id. at paragraph two of the syllabus and 233. Here, such a condition was made clear. Use of the word "should" did not lessen such clarity. Appellee did not, for example, have to state "this will pay the Congress in full." The parties disputed the amount owed. Appellee believed the $5,000 should pay the debt in full. If appellant disagreed, it should not have cashed the check.
We note that Mr. Marquart stated in his affidavit that appellant did not accept appellee's check as payment in full. However, as the Supreme Court stated in Allen, the intent of the creditor in negotiating the check is irrelevant. Id. at 233. Rather, the issue is whether, in the eyes of a reasonable person, the check is being tendered only on the condition that it is in full payment. Id. Because the letter made it clear that appellee was tendering the $5,000 check as full payment, the mere fact that appellant cashed it constitutes acceptance of such offer, and the accord and satisfaction was complete.
In conclusion, there is no genuine issue of material fact, and appellee is entitled to judgment as a matter of law. Accordingly, each of appellant's assignments of error is overruled.
Having overruled each of appellant's assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
DESHLER and PETREE, JJ., concur.