DECISION AND JUDGMENT ENTRY
Defendant-Appellant United Ohio Insurance Company appeals from a declaratory judgment issued by the Ross County Court of Common Pleas in favor of Plaintiff-Appellee Lawrence Eberle. Appellee, acting in his capacity as executor of the Estate of Mary Lou Eberle, brought a survivorship and wrongful-death action against Defendant Joshua A. Zickafoose, appellant's insured.[1] Appellant intervened as a defendant in the suit, seeking a declaratory judgment that appellee's multiple wrongful-death claims are subject to a single "each person" liability limit under appellant's policy of insurance. The trial court found the higher, "each occurrence" limit applicable and granted summary judgment in favor of appellee in the declaratory judgment action.
Appellant contends that the trial court erred in interpreting the insurance policy. Appellant argues that under current Ohio case law, multiple claims for the wrongful death of a single individual are subject to the each-person liability limit.
Appellant argues that multiple claims for the wrongful death of a single individual are subject to the each-person liability limit, permitted by R.C. 3937.44, by the mere inclusion of separate each-person and each-occurrence limits in the Declaration Pages of its insurance policy. Appellant also argues that its insurance policy does not provide coverage for wrongful-death claims. Finally, appellant argues that its insurance policy specifically treats multiple claims for the death of a single individual as a single claim for purposes of determining the limit of liability.
We disagree with appellant's arguments and affirm the judgment of the trial court.
 STATEMENT OF THE CASE AND FACTS
On May 5, 1998, Mary Lou Eberle (the decedent) was involved in an automobile accident with Defendant Joshua A. Zickafoose on State Route 104 in Ross County, Ohio. Ms. Eberle died as a result of the injuries that she sustained in the accident. On January 12, 1999, appellee filed a complaint on behalf of the estate against Zickafoose. The complaint included a survivorship claim for the conscious pain and suffering that the decedent suffered prior to her death, as well as wrongful-death claims on behalf of decedent's husband, four children, seven grandchildren, and five siblings.
At the time of the accident, Zickafoose was insured by an automobile liability insurance policy issued by appellant. The policy provides liability coverage for bodily injury in the amount of $100,000 "each person" and $300,000 "each occurrence." Appellee demanded $300,000 to settle the case, arguing that each wrongful-death beneficiary has a separate claim for damages, subject to the each-occurrence limit. Appellant rejected the demand, arguing that all of appellee's claims relate to the death of one person and are, therefore, a single claim under the policy subject to the $100,000 each-person limit.
On August 24, 1999, appellant filed a motion to intervene as a defendant in the action for the limited purpose of filing a counterclaim for a declaratory judgment to determine whether the each-person or each-occurrence limit applies to appellee's claims. Appellee filed a motion for summary judgment on appellant's counterclaim, arguing that each wrongful-death beneficiary is entitled to separate compensation for his or her damages, subject to the each-occurrence limit. Appellant filed a cross-motion for summary judgment, arguing that the each-person limit applies because only one person was injured in the accident.
On December 22, 1999, the trial court granted appellee's motion for summary judgment and denied appellant's cross-motion for summary judgment. The court found that appellant's policy of insurance was ambiguous as to whether the each-person or each-occurrence limit applies in cases involving multiple wrongful-death claims based on the death of a single individual. The court construed the ambiguous provisions against appellant, the drafter of the policy, and found that the $300,000 each-occurrence limit applies to appellee's claims. The court found that appellee was entitled to judgment as a matter of law on appellant's counterclaim, and that there was no just reason for delay under Civ.R. 54(B).[2]
Appellant filed a timely notice of appeal and presents three assignments of error for our review.
ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ERRED IN DETERMINING THAT WHERE ONLY ONE PERSON WAS FATALLY INJURED IN AN AUTOMOBILE ACCIDENT THE WRONGFUL DEATH DERIVATIVE CLAIMANTS EACH HAVE A CLAIM UNDER UNITED OHIO INSURANCE COMPANY'S ("UNITED OHIO") INSURANCE POLICY COVERING THE TORTFEASOR ("INSURANCE POLICY") EVEN THOUGH SUCH POLICY CONTAINED AN "EACH PERSON" LIABILITY LIMIT.
 ASSIGNMENT OF ERROR NO. II:
 THE TRIAL COURT ERRED IN DETERMINING THAT UNITED OHIO'S LIABILITY UNDER ITS INSURANCE POLICY, AS A MATTER OF CONTRACT INTERPRETATION, EXTENDED TO THE DERIVATIVE CLAIMANTS WHO SUFFERED NO "BODILY INJURY" OR ANY OTHER INJURY WHICH WOULD ENTITLE THE WRONGFUL DEATH DERIVATIVE CLAIMANTS TO COMPENSATION UNDER THE EXPRESS TERMS AND CONDITIONS OF THE INSURANCE POLICY.
 ASSIGNMENT OF ERROR NO. III:
 THE TRIAL COURT ERRED IN DETERMINING THAT THE INSURANCE POLICY DID NOT CONTAIN SUFFICIENT LANGUAGE TO LIMIT THE DERIVATIVE CLAIMANTS [SIC] POTENTIAL RECOVERY AGAINST UNITED OHIO TO THE INSURANCE POLICY'S EACH PER PERSON LIABILITY LIMIT OF $100,000 IN ACCORDANCE WITH O.R.C. § 3937.44.
Each of appellant's assignments of error challenges the trial court's decision to grant summary judgment in favor of appellee. Summary judgment is appropriate when there is no genuine issue of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Civ.R. 56(C). We conduct a de novo
review of the trial court's decision to grant a motion for summary judgment. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241, 245. Thus, we apply the same standard, and review the same evidence, as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212.
For purposes of the instant appeal, the only issue is whether appellant may treat appellee's claims as a single claim for purposes of determining the limit of liability. This is purely a matter of interpreting the insurance policy under the applicable statutes. There are no issues of material fact that are relevant to this inquiry.
 I.
In its First Assignment of Error, appellant argues that the each-person-liability limit contained in its insurance policy automatically consolidates appellee's wrongful-death claims into a single claim. The declarations page of the insurance policy imposes a liability limit of "$100,000.00 each person bodily injury." Under this provision, appellant argues that the number of individuals who actually sustained bodily injury in the accident determines its liability as a matter of law. Since the decedent was the only person physically injured in the accident, appellant argues that its liability for all of appellee's claims is limited to a total of $100,000.
Appellant's argument is based on the decision of the Supreme Court of Ohio in Burris v. Grange Mut. Companies (1989), 46 Ohio St.3d 84,545 N.E.2d 83. Burris involved multiple wrongful-death claims for the death of a single individual. The tortfeasor carried liability insurance with limits of $100,000 each person and $300,000 each occurrence. The policy specifically provided that the each-person limit applied to "all damages, * * *, arising out of bodily injury sustained by one person as the result of any one occurrence." Id. at 87, 545 N.E.2d at 87. One of the wrongful-death beneficiaries sought to invalidate this provision, arguing that each wrongful-death beneficiary had a separate claim and each was entitled to separate compensation.
The Supreme Court of Ohio disagreed, holding that an insurance policy provision "that limits coverage for all damages arising out of bodily injury, including death, sustained by one person to a single limit of liability is a valid restriction." Id. at paragraph one of the syllabus. More importantly, for purposes of the First Assignment of Error, theBurris court also held:
The limits of liability coverage in an automobile liability insurance policy that provides for "each person" a maximum limit of coverage for all damages for bodily injury, including death, sustained by one person as the result of any one occurrence, are determined by the number of persons injured or killed in any one accident, not by the number of persons incurring damages as a result of the injuries or death to the persons actually in the accident.
(Emphasis sic.) Id. at paragraph two of the syllabus.
Appellant argues that under the second paragraph of the Burris
syllabus, all of appellee's claims in the case sub judice must be consolidated into a single claim subject to the each-person limit as a matter of law. Appellant acknowledges that Burris has been overruled. SeeSavoie v. Grange Mut. Ins. Co. (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. However, appellant contends that the General Assembly has effectively overruled Savoie and reinstated the holding of Burris.
In Savoie, the Supreme Court of Ohio held:
 Each person who is presumed to have been damaged as a result of a wrongful death claim may, to the extent of his or her damages, collect from the tortfeasor's liability policy up to its per person limits subject to any per accident limit. Liability policy provisions which purport to consolidate wrongful death damages suffered by individuals into one "each person" policy limit are unenforceable.
Id. at paragraph one of the syllabus. In so holding, the Savoie court specifically overruled paragraphs one and two of the Burris syllabus.
In 1994, the General Assembly passed Am.Sub.S.B. No. 20, which, interalia, created R.C. 3937.44. R.C. 3937.44 provides, in relevant part, the following.
 Any liability policy of insurance * * * that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicles or premiums shown in the declarations or policy, or vehicles involved in the accident.
(Emphasis added.) R.C. 3937.44.
There is no question that the General Assembly intended for Am.Sub.S.B. No. 20 to supersede Savoie. See Wolfe v. Wolfe (2000),88 Ohio St.3d 246, 725 N.E.2d 261. Indeed, the General Assembly stated in Section 10 of Am.Sub.S.B. No. 20 that R.C. 3937.18(H), the uninsured/underinsured-motorist-coverage counterpart to R.C. 3937.44, superseded Savoie.
It is the intent of the General Assembly in enacting division (H) of section 3937.18 of the Revised Code to supersede the effect of the holding of the Ohio Supreme Court in [Savoie], that declared unenforceable a policy limit that provided all claims for damages resulting from bodily injury, including death, sustained by any one person in any one automobile accident would be consolidated under the limit of the policy applicable to bodily injury, including death, sustained by one person and to declare such provisions enforceable.
Am.Sub.S.B. No. 20, Section 10; see Campbell v. Allstate InsuranceCompany (May 19, 2000), Clark App. No. 99CA0065, unreported; see, e.g.,Moore v. State Auto Mutual Insurance Co. (2000), 723 N.E.2d 97, 102,88 Ohio St.3d 27, 32 fn. 5 (dismissing any separation-of-powers challenge by explaining that "the General Assembly's `supersede' language relates to case law involving statutory interpretation as opposed to constitutionally based case law").
Accordingly, appellant is correct in its characterization of the current status of the law as permitting "insurers [to] * * * limit their liability to single `each person' limits even when multiple derivative claimants may exist." See, e.g., Post v. Harber (Feb. 16, 2001), Vinton App. No. 00CA541, unreported ("The clear import of [R.C. 3937.18(H) and 3937.44] * * * is to permit automobile insurers to limit all claims * * * arising out of any single individual's bodily injury to the per person limit shown in the insurance policy. The statutes could not be clearer.").
However, appellant's contention that R.C. 3937.44 automatically affords insurance companies such protection by the mere inclusion of separate each-person and each-occurrence limits in the Declaration Pages of their insurance policies is inaccurate. While the aforementioned statutory provisions unequivocally permit such limitations, insurance companies still must unambiguously delineate such restrictions in their insurance policies. Thus, the relevant inquiry in the matter sub judice is whether appellant's insurance policy contained language that "clearly and unambiguously limit[s] all claims arising out of one individual's bodily injury to the per person limit." Post, supra. Whether this particular insurance policy contains specific limitation language that conforms to R.C. 3937.44 is discussed in appellant's Third Assignment of Error.
For the reasons stated above, appellant's First Assignment of Error is OVERRULED.
 II.
In its Second Assignment of Error, appellant argues that its insurance policy does not provide coverage for wrongful-death claims. The policy provides that appellant "will pay damages for bodily injury." According to appellant, this language is narrower than other polices which cover damages that "arise out of," or are "related to," bodily injury. Appellant argues that a wrongful-death claim does not constitute bodily injury under the limited terms of its policy.
Appellant's argument is based on the types of damages that are available in wrongful-death claims. Wrongful-death beneficiaries may recover damages as follows under R.C. 2125.02.
 (B) Compensatory damages may be awarded in an action for wrongful death and may include damages for the following:
 (1) Loss of support from the reasonably expected earning capacity of the decedent;
(2) Loss of services of the decedent;
 (3) Loss of the society of the decedent, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, suffered by the surviving spouse, minor children, parents, or next of kin;
 (4) Loss of prospective inheritance to the decedent's heirs at law at the time of his death;
 (5) The mental anguish incurred by the surviving spouse, minor children, parents, or next of kin.
R.C. 2125.02(B). Here, the insurance policy defines bodily injury as "bodily harm, sickness or disease, including death that results." Appellant argues that the policy does not cover wrongful-death claims because the types of damages permitted by R.C. 2125.02(B) do not constitute "bodily injury" as defined by the policy.
The difficulty with appellant's argument is that in its policy it does not account for the meaning of the phrase, "including death that results," in the definition of bodily injury. As appellant notes, words and phrases in an insurance policy must be given their plain and ordinary meaning. See Dairyland Ins. v. Finch (1978), 32 Ohio St.3d 360,513 N.E.2d 1324. The insurance policy provides that appellant will pay damages if the insured is liable for causing bodily injury to another. The policy's definition of "bodily injury" includes death. Thus, the policy provides liability coverage for causing the death of another,i.e., wrongful death.
We find that appellant's insurance policy provides liability coverage for wrongful-death actions. Accordingly, appellant's Second Assignment of Error is OVERRULED.
 III.
In its Third Assignment of Error, appellant argues that the insurance policy contains specific language that treats all claims arising out of bodily injury to one person as a single claim for purposes of determining the limit of liability. All of appellee's wrongful-death claims arise out of the bodily injury of one person. Appellant contends that appellee may not collect more than the each-person limit under the express terms of the insurance policy. In response, appellee contends that the insurance policy is ambiguous as to whether the each-person or each-occurrence limit applies in this situation. Thus, appellee argues that the policy must be construed in favor of broader coverage. We agree with appellee.
Each wrongful-death beneficiary has a separate claim for damages under R.C. 2125.02. Under R.C. 3937.44, insurance carriers may treat all claims for the wrongful death of one person as a single claim for purposes of determining liability limits. However, as we explained in addressing appellant's First Assignment of Error, the statute does not automatically provide such a limitation on liability. Rather, we must determine if appellant, in the insurance policy issued to appellee, clearly and unambiguously limited all claims arising out of one individual's bodily injury to the each-person limitation.
Appellant argues that its insurance policy contains such specific language, thus permitting the liability limits authorized by R.C. 3937.44. In so arguing, appellant first looks to the Limit of Liability section of the policy, which provides as follows.
The limit of liability shown in the Declarations for this coverage is the maximum limit of liability for all damages resulting from any one accident. This is the most we will pay regardless of the number of:
1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.
Next, appellant looks to the Declarations Page, which provides the following limits of liability.
$100,000 EACH PERSON BODILY INJURY LIABILITY
$300,000 EACH OCCURRENCE BODILY INJURY LIABILITY
Reading the Limit of Liability section and the Declarations Page in conjunction with one another, appellant argues that there is only one reasonable interpretation of the policy. The Declarations Page imposes a $100,000 liability limit for each person who actually sustains bodily injury in an accident. The Limit of Liability section applies the each-person limit regardless of the number of related claims made. Appellant concludes that since Mrs. Eberle was the only person injured in the accident, its maximum liability in this case is $100,000, the each-person limit.
In response, appellee argues that the insurance policy is ambiguous at best. The Limit of Liability section states that the limit shown in the Declarations Page is its maximum liability for "all damages resulting from any one accident." However, the policy does not specify whether this provision refers to the each-person limit or the each-occurrence limit. Appellee argues that because of this ambiguity in the policy, it must be construed in favor of appellee, the insured, and against the insurer, resulting in coverage governed by the higher each-occurrence limit and not limited by the each-person maximum.
Appellant cites Westerfield v. Metropolitan Ins. Co. (Sept. 17, 1998), Cuyahoga App. No. 73356, unreported, to support its argument that all of appellee's claims are subject to the each-person liability limit. TheWesterfield court found that a husband and wife could not bring separate claims for the wife's medical expenses under the underinsured motorist provisions of the couple's insurance policy. The court found that the policy contained specific language that invoked the liability limitations authorized by R.C. 3937.44.
Westerfield is distinguishable from the case sub judice. InWesterfield, both the husband and the wife attempted to bring separate claims for the same damages, i.e., the wife's medical expenses. By contrast, the damages available in a wrongful-death action are particularized to the individual wrongful-death beneficiaries under R.C.2125.02. Each beneficiary collects damages according to his or her individual loss.
In addition, the language of the insurance policy at issue inWesterfield is more specific than the language in appellant's policy. In the case sub judice, the Limit of Liability section refers generally to the limits contained in the Declarations Page. By contrast, the policy inWesterfield contained a similar section that referred separately to the each-person and each-occurrence limits. The policy provided that the each-person limit was the insurer's maximum liability "to any one person for all damages resulting from any one accident."
A case that is more instructive is Beagle v. Mosley (July 23, 1999), Huron App. No. H-98-044, unreported. Appellant here was also a party inBeagle, and that case involved precisely the same policy language that is at issue in the case sub judice. The Beagle court found that the Limit of Liability section was ambiguous as to whether it referred to the each-person or each-occurrence limit in the Declarations Page. The court determined that the policy language was insufficient to conform to R.C.3937.44. Significantly, the Beagle court also examined a second insurance policy issued by another carrier and found that it did specifically invoke the liability limits authorized by R.C. 3937.44, by virtue of the unambiguous language to that effect in its policy.
We agree with the conclusion of the Beagle court, and the court below, that appellant's insurance policy is ambiguous regarding maximum coverage and does not invoke the liability limits permitted by R.C. 3937.44, because the subject policy lacks the specificity required to invoke the limitations afforded by this statute.
We find that appellant's insurance policy does not contain sufficiently specific language to invoke the limits of liability authorized by R.C.3937.44. As a result, we find that the trial court correctly determined that appellant may not treat appellee's wrongful-death claims as a single claim for purposes of determining limits of liability.
Consequently, appellant's Third Assignment of Error is OVERRULED. The judgment of the Ross County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
David T. Evans, Judge.
Harsha, J. Concurs in Judgment and Opinion.
Kline, J. Dissents.
[1] Zickafoose is not a party to this appeal.
[2] Appellee's claims against Zickafoose are still pending.