[No. 15783. Department One. August 4, 1920.]

CHARLES R. COLLINS, *Respondent*, v. OSCAR W. NELSON et al., *Appellants*.[1]

MUNICIPAL CORPORATIONS (384, 389)—USE OF STREETS—NEGLIGENCE—PROXIMATE CAUSE—EVIDENCE—SUFFICIENCY. The evidence sustains findings of the trial court that defendant's negligence was the proximate cause of a collision between his automobile and plaintiff, where it appears that plaintiff, in crossing the street between intersections, threw up his hand as a signal to defendant and immediately walked in a diagonal direction across the street, that the street was clear of other traffic, but that defendant, though having opportunity to pass safely behind him, veered his car to the left side of the street and struck plaintiff with the hub of his right front wheel.

SAME (383)—CONTRIBUTORY NEGLIGENCE—USE OF STREET BETWEEN INTERSECTIONS. While the use of streets by pedestrians between intersections is, by ordinance, a right inferior to vehicles and exacts a higher degree of care, such use is not contributory negligence, in the absence of proof of conduct to relieve defendant of negligence as the proximate cause of the injury.

DAMAGES (79)—PERSONAL INJURIES—PAIN AND SUFFERING. A judgment for $1,000 for loss of time, pain and suffering is not erroneous because of absence of proof of respondent's earning capacity during the time kept from his work, where it can be sustained by the element of pain and suffering, which is for the trier of the case.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered August 12, 1919, upon findings in favor of the plaintiff, in an action for personal injuries sustained by a pedestrian struck by an automobile, tried to the court. Affirmed.

[1]Reported in 191 Pac. 819.

*Roberts & Skeel* and *L. B. Schwellenbach,* for appellants.

*Kerr & McCord,* for respondent.

MITCHELL, J.—This case was tried without a jury. The court found "that, on March 23d, 1918, the plaintiff was crossing over said Third avenue on foot, from the west side of said street to the east side in a diagonal direction, the view of said street at said place from either direction being unobscured to the driver of defendant's automobile, or anyone else; that the driver of the defendant's car failed to keep the proper lookout for the plaintiff, and was driving the said car at an excessive and dangerous rate of speed, and when he observed the plaintiff, failed to use reasonable care in stopping said car and avoiding collision with the plaintiff; and that all of the said acts and negligence were the direct and proximate cause of the collision between the defendant's automobile and the plaintiff; and the plaintiff at all times acted in a careful and prudent manner; that, at the time when the plaintiff had passed to the east side of the center of said street, the driver of defendant's automobile negligently struck the plaintiff, knocked him down . . ." The findings are sustained by a clear preponderance of the evidence.

Respondent, going south on Third avenue in Seattle, stopped and parked his car by the west curb, about one hundred and sixty feet south of Virginia street and a like distance north of Stewart street. There were a few other cars standing alongside the same curb, north and south of respondent's car. There are two street car tracks upon the avenue—one on each side of and near the center of the street. From the street curb to the nearer rail of the nearer street car

track the distance is seventeen and one-half feet. Having business across the avenue, the respondent, upon alighting on the sidewalk, passed around in front of his car into open vision upon the avenue, paused, looked south and observed no traffic, then looked north and saw appellant's automobile crossing Virginia street, traveling south along the right-hand or westerly side of the avenue. There was no other traffic of any kind at that time on the avenue between the two cross streets mentioned. Upon observing appellant's automobile approaching, respondent threw up his hand as a signal to the driver, and immediately walked at a fairly rapid pace in a straight line diagonally across the avenue toward a point about sixty feet further south. Shortly the automobile ran upon him, over on the east side of the avenue, as he reached the west rail of the east street car track, and knocked him down, causing the injuries complained of. In spite of ample opportunity, by keeping on the right-hand side of the street, to have passed safely behind respondent, as testified to by all the witnesses to the accident other than the driver, it appears that, from a point an appreciable distance to the north, the driver commenced to veer his car toward the east in the direction respondent was going, or, as a disinterested witness expressed it, "seemed to kind of follow Mr. Collins," and struck him over on the east side of the avenue, not with the left nor front of the automobile, but with the hub of the right front wheel.

We are not impressed with the claim of contributory negligence. A pedestrian is not prohibited by the ordinance of the city from the use of the streets between intersections and crossings. It makes his right to the use of such places inferior to the rights of vehicles and exacts from him a higher degree of care than at street

intersections and crossings where he has the right of way over vehicles. Admitting the superadded care imposed by the ordinance upon pedestrians between street intersections, we find in the present case no proof of conduct on the part of the respondent to relieve the appellant of its negligence as the proximate cause of the injury.

It is further contended that, because of the absence of proof as to the earning capacity of respondent during the time he testified to have been kept from his work, the judgment for $1,000 for loss of time, pain and suffering is erroneous and must be set aside. The judgment is in general terms and mentions no element of damage upon which it is based. The case is tried *de novo* by us. There are allegations and proof of pain and suffering entirely sufficient to sustain the amount of the award. While there is an allegation and also proof of loss of time on the part of respondent, without any testimony of the value thereof, we adopt the plan, obviously pursued by the trial court, of not considering the loss of time, as such, in fixing the amount of respondent's recovery, but confine it, so far as the $1,000 is concerned, to the element of pain and suffering, a damage not susceptible of being estimated in money by direct proof, but which must be left to the judgment of the trier of the case.

Judgment affirmed.

Holcomb, C. J., Parker, Tolman, and Main, JJ., concur.