MANSPERGER, APPELLANT, *v.* EHRNFIELD, D. B. A. WHITE STAR CABS, APPELLEE.

(Decided December 1, 1937.)

*Messrs. Meyer, Johnson & Kincaid* and *Mr. Clarence J. Crossland,* for appellant.

*Messrs. Frazier & Holliday* and *Mr. John W. Giffen,* for appellee.

SHERICK, J.   This appeal presents a question of law made upon the trial court's ruling in sustaining defendant's motion for a directed verdict at the conclusion of plaintiff's case.   The action is for damages for personal injury to plaintiff, a pedestrian, sustained while attempting to cross a public street at a place other than a crosswalk in a portion of the city of Zanesville theretofore denominated by ordinance as within the closely built up business section.

Plaintiff's evidence establishes that he was returning from work shortly after midnight in an automobile driven by a fellow employee; that it was dark and the street was slippery from rain and sleet; that his companion properly parked his car about thirty feet from an intersection on the right hand side of Underwood street; and that plaintiff alighted, stepped upon the curb, proceeded around the back of the car into the street to the left rear portion of the machine. From this point plaintiff could and did see defendant's taxicab, which seems to have been the only other automobile in sight, make a right hand turn ahead of him into Underwood street at an intersection 442 feet distant.   When plaintiff had proceeded some twenty or more feet to a point five or six feet from the opposite

curb, he was struck by defendant's taxicab and seriously injured. It is evidenced that the speed of defendant's cab was accelerated after entering upon Underwood street and it was then traveling at from fifty to sixty miles per hour.

The plaintiff alleges that the defendant was negligent in numerous respects, among which are that defendant's car was being driven at a rate of speed greatly in excess of that prescribed by law; that the driver of the cab did not maintain a proper lookout for the safety of others using the street; that the driver did not have his car under control; and that it was being operated at such a rate of speed that the driver could not stop within the assured clear distance ahead. The defendant by his answer generally denies these claimed acts of negligence and further asserts as a defense that plaintiff's injury was the result of his .sole negligence in crossing a main thoroughfare at a point other than a crosswalk in violation of an ordinance which prescribed that ''all pedestrians shall cross at the intersection of streets or alleys only.'' As a third defense it is pleaded that if defendant was negligent, which he denies, plaintiff was guilty of negligence which directly contributed to his injury.

The contestants variously state the question for this court's solution. It may be epitomized in this fashion. Does the fact that the plaintiff was injured while crossing a street in violation of the provision of an ordinance, which violation is in this state held to be negligence as a matter of law, in and of itself, preclude recovery, irrespective of whether, under the developed facts, plaintiff's negligence directly and proximately contributed to his injury?

It is the settled law of this jurisdiction that if plaintiff's evidence presupposes negligence upon his part which proximately and in some degree contributed to his injury, and upon which reasonable minds could

come to no other conclusion, it becomes the duty of the court to direct a verdict upon request in defendant's favor. The negligence contemplated thereby may be of different character. Plaintiff's evidence may prove the negligent doing of an act which he had a right to do, or it may show the performance of an act which the law has said to be negligence *per se*. But this is not the only element to be considered to warrant a plaintiff's nonsuit. It must also be clear to reasonable minds that the negligence found was proximate and contributed to the occurrence which caused the injury. In *Sharp* v. *Russell,* 37 Ohio App., 306, 174 N. E., 617, this court had occasion to point out and hold that contributory negligence, to bar recovery, must directly contribute to produce the injury. The mere fact that one has committed a negligent act and thereby placed himself in a position of danger does not conclusively establish proximate cause; if such were not true, the defendant's driver in this case might have closed his eyes and driven at an unheard of speed with little or no regard to plaintiff's position of peril and be exonerated because plaintiff had been negligent in some respect.

What we have just said is, of course, recognized as exaggerated supposition without regard to a charge of wilfullness or wanton misconduct as is found injected in plaintiff's petition. With respect thereto it is noted that the facts adduced could establish nothing more than simple negligence on defendant's part. When we examine the proof made, which must be taken as true upon such a motion, we find the plaintiff and defendant's taxicab starting towards their converging point. The plaintiff from the rear of his companion's car saw the taxi turn into the street at a point 442 feet distant, while he himself had twenty some feet to cover to reach a place of safety. Perhaps plaintiff had a right to presume that defendant's car

would approach him in a lawful manner and not at a speed of near 85 feet per second and that he could safely cross in front of the approaching car. The facts established disclose a situation totally unlike those cases where one rushes into a thoroughfare immediately in front of rapidly approaching vehicular traffic. In those situations it is readily perceived that the pedestrian's act contributes directly to his injury. In the present instance, however, the setting is different, for reasonable jurors might be of different mind as to what act or concurrent acts were responsible for the resulting injury. It is therefore this court's judgment that the developed situation as to proximate and contributing cause was one of fact for the jury to determine and not one of law for the trial court.

We are unadvised of any case, other than that of *Whitaker* v. *Luebbering,* 101 Ohio St., 292, 128 N. E., 76, in which this court's superior has considered the precise question before us. It was therein found unnecessary to decide the question, as a reading of the case discloses. In *Standard Motor Sales Co.* v. *Miller,* 30 Ohio App., 7, 164 N. E., 55, the rule for which plaintiff contends finds recognition. In that case error was predicated on the court's refusal to direct a verdict. It was held that the trial court had not erred and that negligence *per se* of a pedestrian in crossing a street at a place other than crosswalks in violation of a municipal ordinance did not relieve the defendant of the legal responsibility of exercising reasonable care or take from the jury its prerogative of determining as a matter of fact just what act or acts of negligence was the proximate cause of the pedestrian's injury.

The case of *Ivy* v. *Marx,* 205 Ala., 60, 87 So., 813, 14 A. L. R., 1173, and note appended, is of particular interest. The question there stated is whether the

defendant owed the plaintiff the duty of exercising due care in a like situation. It was pointed out that the ordinance was a traffic regulation enacted to better conserve the public safety and to negatively construe it was to sanction a relaxation of vigilance on the driver's part which is contra to the spirit and intent of the enactment.

The court in *Horwitz* v. *Eurove*, 129 Ohio St., 8, 193 N. E., 644, had to do with the converse of the question, as is apparent by the syllabus thereof, wherein it is announced as the law that:

"A city ordinance, the applicable part of which provides 'The right of way upon street crossings * * * shall, in all cases, be given to pedestrians by all vehicles of every kind,' creates a preferential but not an absolute right in favor of the pedestrian. Such pedestrian is still under the legal duty to exercise ordinary care for his own safety; and whether he has done so in a particular case is a jury question where the evidence is conflicting."

It will be noted in that case, that the evidence was conflicting; but the rule would be the same if plaintiff's evidence is such that reasonable minds might come to different conclusions as to what was the proximate cause of the accident, for upon a motion for a directed verdict on plaintiff's case, that evidence is entitled to be considered by the court in its most favorable light in plaintiff's favor, for one's right to a jury trial may not arbitrarily be taken from him. The holding that the ordinance "creates a preferential but not an absolute right in favor of the pedestrian" clearly recognizes the continuing duty of the foot traveler to exercise due care. This being true it must surely follow that when by ordinance, such as in the presented cause, the driver of a vehicle is given preference between street intersections that he does not thereby secure an absolute right absolving him of a con-

tinuing duty to exercise ordinary care towards pedestrians in the street. In either event the solution of such controversies is to be found in the application of the rule of ordinary care as would be exercised by a reasonably prudent person in the exigency encountered. As we see it, where such ordinances exist, a motorist must exercise a greater vigilance at crossing intersections than between street intersections; while in the case of a pedestrian the converse is true. In other words, in either case, the degree of care is commensurate with the dangers to be encountered, for the rights and duties of both travelers in streets are reciprocal and not exclusive.

We have examined with considerable interest the cases of *Snyder* v. *Campbell,* 145 Miss., 287, 110 So., 678, 49 A. L. R., 1402; *Crowl* v. *West Coast Steel Co.,* 109 Wash., 426, 186 P., 866, and *Collins* v. *Nelson,* 112 Wash., 71, 191 P., 819. In the two first named is found language expressive of a conclusion that municipalities by ordinance may constitutionally forbid pedestrians from crossing busy streets between intersections and that if such be done the act of so doing is negligence in and of itself. These holdings are grounded upon present necessity to preserve life and limb in congested thoroughfares and a proper exercise of the police power. With this reasoning we find no quarrel. Other jurisdictions subscribe to the view that street crossing cases by pedestrians at other than crosswalks establishes a *prima facie* case of negligence only; but we note with interest that none of these cases elides from the picture the matter of due care and proximate cause. In *Snyder* v. *Campbell, supra,* the court found that the negligence of the pedestrian "in attempting to cross the street in violation of the provisions of the ordinance necessarily contributed to his injury"; but it is therein further held that: "Pedestrian's negligence in attempting to cross street

does not relieve automobile driver of duty of exercising reasonable care and diligence to avoid injury," and that he "must keep his machine constantly under control, and must continue on alert for pedestrians or others on streets."

The Washington state cases subscribe to the same view. In the *Crowl case, supra,* the court after so concluding goes on to state:

"It would not, of course, necessarily follow from this that, in a case where the plaintiff admits violation of the ordinance, he should be nonsuited, because it would still be for the jury to determine certain other features, such as whether his negligence contributed to his injury, or whether the defendant saw or should have seen him in time to have avoided the injury."

And again the same court says in *Collins* v. *Nelson, supra,* that:

"We are not impressed with the claim of contributory negligence. A pedestrian is not prohibited by the ordinance of the city from the use of the streets between intersections and crossings. It makes his right to the use of such places inferior to the rights of vehicles and exacts from him a higher degree of care than at street intersections and crossings where he has the right of way over vehicles."

For the reasons advanced, the judgment must be and is reversed and the cause remanded.

*Judgment reversed and cause remanded.*

MONTGOMERY, P. J., and LEMERT, J., concur.