SMIDDY, ADMR., APPELLEE, *v.* THE WEDDING
PARTY, INC. ET AL., APPELLANTS.

[Cite as Smiddy *v.* The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35.]

(No. 86-913—Decided April 15, 1987.)

*Joseph W. Shea III,* for appellee.
*G. Gregory Lewis,* for appellants.

HERBERT R. BROWN, J. The issue presented is whether the trial court properly granted summary judgment for appellants. Our task is therefore to apply Civ. R. 56(C)[1] to the evidence and allegations contained in the record.

I

Appellee first maintains that Hesketh failed to comply with R.C. 4513.28(D)[2] and was therefore negligent *per se.* See *Bush* v. *Harvey Transfer Co.* (1946), 146 Ohio St. 657, 33 O.O. 154, 67 N.E. 2d 851; *Schalk* v. *Spreckelmeier* (1971), 27 Ohio App. 2d 210, 56 O.O. 2d 389, 273 N.E. 2d 795. Appellants concede that R.C. 4513.28(D) applies, but they argue that Hesketh's failure to set out flags was excused because the limited time and heavy traffic rendered it impossible for him to do so.

---

[1] Civ. R. 56(C) provides, in pertinent part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.* * *"

[2] R.C. 4513.28(D) provides:

"Whenever any vehicle or trackless trolley of a type referred to in this section is disabled upon the traveled portion of a highway or the shoulder thereof, outside of any municipality, or upon any freeway, expressway, thruway and connecting, entering or exiting ramps within a municipality, at any time when the display of fusees, flares, red reflectors, or electric lanterns is not required, the operator of such vehicle or trackless trolley shall display two red flags upon the roadway in the lane of traffic occupied by the disabled vehicle or trackless trolley, one at a distance of forty paces or approximately one hundred feet in advance of the vehicle or trackless trolley, and one at a distance of forty paces or approximately one hundred feet to the rear of the vehicle or trackless trolley, except as provided in this section."

In *Bush* v. *Harvey Transfer Co., supra,* we held in paragraph two of the syllabus:

"A legal excuse, precluding liability for injuries resulting from negligence *per se* in the failure to comply with a safety legislative enactment directing the manner of the operation of a motor vehicle on the public highways, must be something which makes it impossible to comply with the safety legislative enactment, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the enactment itself."

Whether compliance with a specific highway safety statute was impossible in a particular case is ordinarily a question of fact for the jury. *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65, 39 O.O. 2d 52, 225 N.E. 2d 251. Therefore, summary judgment in favor of a person who has failed to comply with such a statute may not be granted on the ground that compliance was impossible unless reasonable minds must conclude that there was no way by which that person could have complied.

We do not think that reasonable minds, construing the evidence most favorably toward appellee,[3] must conclude that there was no way by which Hesketh could have complied with R.C. 4513.28(D). In the present case, Hesketh had at least one minute in which to set up the warning flags as required by statute, though doing so would require risk.[4] Therefore, we hold that the issue of whether compliance with R.C. 4513.28(D) was impossible should not have been disposed of by summary judgment.[5]

## II

Appellee also maintains that Hesketh violated R.C. 4511.66,[6] and was therefore negligent. Although R.C. 4511.66 is a highway safety statute, it

---

[3] See *Wills* v. *Frank Hoover Supply* (1986), 26 Ohio St. 3d 186, 26 OBR 160, 497 N.E. 2d 1118.

[4] We deal here with the issue of impossibility, not the reasonableness of the requirement that flags be set out one hundred feet behind and in front of the vehicle. The legislature has provided us with that standard.

[5] Appellee also alleges that Hesketh was negligent *per se* because he violated R.C. 4513.27 by failing to carry any flags on the van. However, that section is inapplicable as there is no evidence that Hesketh operated the van outside the corporate limits of any municipalities between a half hour after sunset and a half hour before sunrise.

[6] R.C. 4511.66 provides:

"Upon any highway outside a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway if it is practicable to stop, park, or so leave such vehicle off the paved or main traveled part of said highway. In every event a clear and unobstructed portion of the highway opposite such standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

"This section does not apply to the driver of any vehicle which is disabled while on the

does not provide for an absolute prohibition against stopping, parking, or leaving a vehicle standing on the traveled portion of a highway. Rather, doing so is prohibited only if it is *practicable* to stop, park, or leave the vehicle off the traveled portion of the highway. Further, the statute exculpates the driver if it is *impossible* to avoid stopping and temporarily leaving the disabled vehicle in such position. Therefore, negligence does not automatically follow from the fact that a disabled vehicle is stopped on the traveled portion of a highway. *Batesole* v. *Stratford* (C.A. 6, 1974), 505 F. 2d 804; *Lester* v. *John R. Jurgensen Co.* (C.A. 6, 1968), 400 F. 2d 393, 46 O.O. 2d 230.

Appellants argue that R.C. 4511.66 is inapplicable to the case *sub judice* because it was "impossible to avoid stopping and temporarily leaving the disabled vehicle * * * [on the traveled portion of the highway]." *Id.* We think an issue of fact exists. Hesketh admitted in his deposition that other vehicles pulled out from behind him and went around the van as it was coasting to a stop. Construing the facts most strongly in appellee's favor, reasonable minds could conclude from this statement that Hesketh might have pulled his van off the traveled portion of the highway.

Therefore, we hold that the issue of whether R.C. 4511.66 applies to the case *sub judice* should not have been disposed of by summary judgment.

### III

We also hold that genuine issues of material fact exist as to whether Hesketh was negligent, apart from the safety statutes. Construing the facts adduced in favor of the appellee, it might reasonably be concluded that Hesketh violated a duty owed to appellee's decedent by failing to do what a reasonably prudent person would have done under the circumstances. *Davison* v. *Flowers* (1930), 123 Ohio St. 89, 174 N.E. 137. Reasonable minds could conclude that a reasonably prudent person would have taken action to warn approaching motorists of the danger presented by the stalled van, rather than remaining inside it.

### IV

Although questions exist as to Hesketh's alleged negligence and negligence *per se,* such is not the case in regard to his alleged wanton misconduct. In *Hawkins* v. *Ivy* (1977), 50 Ohio St. 2d 114, 4 O.O. 3d 243, 363 N.E. 2d 367, we held in the syllabus:

"Where the driver of an automobile fails to exercise any care whatsoever toward those to whom he owes a duty of care, and his failure occurs under circumstances in which there is great probability that harm will result, such failure constitutes wanton misconduct.* * *"

---

paved or improved or main traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving the disabled vehicle in such position."

In *Hawkins,* we held that the driver of a car that had stalled between fifteen and twenty-five feet from a driveway committed wanton misconduct where he made no attempt to move the car off the street even though friends were present; failed to activate the car's emergency flashers, headlights, or parking lights; and failed to take any other action to warn approaching motorists of the car's presence.

The case *sub judice* is distinguishable from *Hawkins.* Hesketh attempted to get help from the truck driver who stopped behind him to move the van off the roadway; the truck driver refused. Additionally, Hesketh said he switched his emergency flashers on, though he could not be sure they were working. These attempts by Hesketh to neutralize the danger presented to approaching motorists by his stalled van negate, as a matter of law, appellee's assertions of wanton misconduct. *Pisel* v. *Baking Co.* (1980), 61 Ohio St. 2d 142, 15 O.O. 3d 175, 399 N.E. 2d 1243; *Baab* v. *Shockling* (1980), 61 Ohio St. 2d 55, 15 O.O. 3d 82, 399 N.E. 2d 87.

## V

The court of appeals held that a jury question existed on the issue of whether appellee's decedent, Smiddy, violated R.C. 4511.21(A),[7] and was therefore also negligent *per se.* See *Spalding* v. *Waxler* (1965), 2 Ohio St. 2d 1, 31 O.O. 2d 1, 205 N.E. 2d 890. We disagree. In *McFadden* v. *Elmer C. Breuer Transp. Co.* (1952), 156 Ohio St. 430, 46 O.O. 354, 103 N.E. 2d 385, we held in paragraph one of the syllabus:

"The question of whether the operator of a motor vehicle was negligent in failing to comply with the 'assured-clear-distance-ahead' rule contained in * * * [R.C. 4511.21(A)], is not presented to the trier of the facts where there is no substantial evidence (1) that the object with which such operator collided was located ahead of him in his lane of travel, and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or (b) moving ahead of him in the same direction as such operator, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible, in the exercise of ordinary care, to bring his vehicle to a stop and avoid a collision."

In the case *sub judice,* the first and third prongs of this test have been satisfied as a matter of law, as there can be no doubt that Hesketh's van was located ahead of Smiddy in his lane of travel and was stationary. Further, Hesketh's van was reasonably discernible as a matter of law. In *McFadden, supra,* we enunciated that:

"In most instances the question whether the object with which the collision occurs is reasonably discernible gives little difficulty. A train on a

---

[7] R.C. 4511.21(A) provides, in part:

"* * * [N]o person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

highway crossing or *a truck or an automobile on the highway in the driver's path can be considered reasonably discernible without more evidence than the fact of its presence."* (Emphasis added.) *Id.* at 435, 46 O.O. at 356, 103 N.E. 2d at 388.

Several recent decisions of this court have appeared to retreat somewhat from this pronouncement; however, the collisions in those cases all occurred at night, in conditions making discernibility more difficult than in the case *sub judice.* See, *e.g., Junge* v. *Brothers* (1985), 16 Ohio St. 3d 1, 16 OBR 254, 475 N.E. 2d 477 (decedent crashed into overturned tractor-trailer blocking decedent's lane between 3:00 a.m. and 4:00 a.m.); *Sabo* v. *Helsel* (1983), 4 Ohio St. 3d 70, 4 OBR 158, 446 N.E. 2d 457 (appellant crashed into tractor-trailer making left turn across appellant's lane at 10:30 p.m. in foggy weather); and *Tomlinson* v. *Cincinnati* (1983), 4 Ohio St. 3d 66, 4 OBR 155, 446 N.E. 2d 454 (decedent crashed into an abandoned, unlighted pick-up truck in his lane at 11:20 p.m.).

Moreover, in *Lewis* v. *Certified Oil Co.* (1981), 67 Ohio St. 2d 277, 21 O.O. 3d 174, 423 N.E. 2d 464, this court held that a tractor-trailer blocking an entire two-lane road while turning around was reasonably discernible as a matter of law, even though the collision occurred at 11:00 p.m.

We now hold that an automobile, van, or truck stopped on a highway in a driver's path during daylight hours is, in the absence of extraordinary weather conditions, a reasonably discernible object as a matter of law. Hence, Smiddy violated R.C. 4511.21(A) and was thus negligent *per se.*

## VI

The court of appeals also held that jury questions existed as to proximate cause and, if applicable, the appropriate comparative negligence percentages under R.C. 2315.19. We agree. Although we hold that appellee's decedent was negligent *per se,* such holding does not mean that his negligence was the sole proximate cause, or even a proximate cause, of the collision that resulted in his death. *Crawford* v. *Halkovics* (1982), 1 Ohio St. 3d 184, 1 OBR 213, 438 N.E. 2d 890; *Mansperger* v. *Ehrnfield* (1937), 59 Ohio App. 74, 12 O.O. 374, 17 N.E. 2d 271. Construing the evidence most favorably toward appellee, we hold that reasonable minds could differ as to the proximate cause(s) of the collision. Similarly, the issue of comparative negligence is for the jury if it finds that Hesketh was negligent and that the negligence of both Hesketh and Smiddy were proximate causes of the accident.

Accordingly, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the court of common pleas for further proceedings.

*Judgment affirmed in part,*
*reversed in part and cause*
*remanded.*

MOYER, C.J., SWEENEY, HILDEBRANDT, DOUGLAS and WRIGHT, JJ., concur.

LOCHER, J., concurs in judgment only.

HILDEBRANDT, J., of the First Appellate District, sitting for HOLMES, J.