OPINION
On December 7, 1998, Edward Hylton and Tyra Jackson refiled a lawsuit in which Cornelius Womack was named as a defendant. Mr. Hylton and Ms. Jackson alleged that Mr. Womack had injured them as a result of his negligent operation of a motor vehicle on May 20, 1995. The lawsuit was not served on Mr. Womack until November 1, 1999.
An answer was filed on behalf of Mr. Womack on December 13, 1999. The answer included some eleven defenses, including an affirmative defense that the collision which injured Mr. Hylton and Ms. Jackson was "caused by a sudden emergency and/or conditions outside of Mr. Womack's responsibility, ownership or control."
The parties pursued discovery, leading to depositions being taken of the parties. The depositions were filed with the trial court and served as the foundation for a motion for summary judgment which was filed on behalf of Mr. Womack on May 15, 2000.
On June 26, 2000, the trial court journalized a decision granting the motion for summary judgment. The trial court found that Mr. Womack had become unconscious immediately prior to the collision, but did not address the question of whether Mr. Womack had any reason to anticipate the period of unconsciousness. This decision was set aside by agreement of the parties after a question arose as to whether counsel for the plaintiffs had received the motion for summary judgment as served by counsel for Mr. Womack.
The trial court again granted the motion for summary judgment on September 14, 2000. Again, the trial court did not specifically address the issue of whether or not Mr. Womack had any reason to anticipate a period of unconsciousness.
Edward Hylton and Tyra Jackson have now pursued a direct appeal. They assign two errors for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN A DISPUTED ISSUE OF FACT EXISTED AS TO WHETHER OR NOT THE DEFENDANT SUFFERED A BLACK-OUT PRIOR TO OR DURING THE ACCIDENT.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN A DISPUTED ISSUE OF FACT EXISTED AS TO WHETHER OR NOT THE DEFENDANT COULD HAVE FORESEEN THE POSSIBILITY OF SUFFERING A BLACKOUT AND EITHER TAKEN PREVENTIVE STEPS OR NOT DRIVEN HIS AUTOMOBILE.
No doubt exists that Mr. Womack lost control of his motor vehicle and that his motor vehicle then struck the motor vehicle in which Edward Hylton and Tyra Jackson were located. The sole question to be addressed is the question of whether Mr. Womack is to be freed from responsibility for the damages and injuries he caused as a result of the immunity from liability granted by Lehman v. Haynam (1956), 164 Ohio St. 595.
Paragraphs two and three of the syllabus to Lehman read:
 2. Where the driver of an automobile is suddenly stricken by a period of unconsciousness which he has no reason to anticipate and which renders it impossible for him to control the car he is driving, he is not chargeable with negligence as to such lack of control.
 3. Where in an action for injuries arising from a collision of automobiles the defense of the defendant driver is that he was suddenly stricken by a period of unconsciousness, which rendered it impossible for him to control the car he was driving and which he had no reason to anticipate or foresee, the burden of proof as to such defenses rests upon such driver.
Since we find that a genuine issue of material fact exists as to whether or not Mr. Womack qualifies for the defense provided by Lehman, we sustain the second assignment of error and reverse the judgment of the trial court.
Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. Our review of the appropriateness of summary judgment is de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
Mr. Womack testified in his deposition that before the collision he had been at what was then known as Park Medical Center on the near eastside of Columbus. He claimed that he had been at the hospital fifteen to thirty minutes during which he had had a prostate ultrasound and biopsy. He claimed that he had had a pain killer administered but he denied that the pain killer had made him drowsy. He had had nothing to eat that day or the night before. He had taken a citrate of magnesium laxative to clean out his intestines.
Mr. Womack's physician had told him that he could have a light breakfast, but Mr. Womack ate no breakfast. Mr. Womack took a dose of Lozol for his hypertension before he went to the hospital. He also took a dose of Micronase for his diabetes. Mr. Womack was aware that he was supposed to take the Lozol with food.
Mr. Womack also claimed that he took an antibiotic tablet that morning, although he may not clearly understand the difference between an antibiotic and a pain killer.
The collision in which Mr. Hylton and Ms. Jackson were injured occurred at approximately 2:30 p.m. By that time, Mr. Womack had not eaten for at least fourteen hours, and perhaps for as long as twenty hours, despite his diabetes. He had cleaned out his digestive tract completely, which could only have aggravated his blood sugar problems. He had not eaten breakfast, as authorized by his physician, and he had not taken his blood pressure medicine with food, as recommended.
Under these circumstances, Mr. Womack could be found to have reason to anticipate a period of unconsciousness secondary to his diabetes, his taking of Lozol without food, his taking of a variety of medications on an empty stomach or all the above. The prerequisites for immunity from liability as set forth in Lehman were not sufficiently demonstrated construing the evidence most strongly in favor of Edward Hylton and Tyra Jackson.
As stated above, the second assignment of error is sustained.
In the first assignment of error, counsel for Edward Hylton and Tyra Jackson assert that a genuine issue of material fact exists as to whether or not Mr. Womack was unconscious when his vehicle struck the vehicle being operated by Mr. Hylton. Mr. Womack testified that after he saw the intersection where Mr. Hylton's car was stopped, he remembers nothing until after the collision.
Tyra Jackson testified in her deposition that she saw the Womack vehicle approaching the intersection where Mr. Hylton's vehicle was stopped. The Womack vehicle was swerving, then went up onto the curb almost hitting a pole. She testified that she thought to herself "[t]his person is drunk or something, you know, something is wrong." (Jackson deposition, 19-20.)
The Womack vehicle came off the curb and then struck the Hylton vehicle.
Tyra Jackson, although injured herself, approached Mr. Womack and found him to be unconscious. She touched Mr. Womack's neck and "that's when he woke up." (Jackson deposition, 25.)
Edward Hylton's deposition did not conflict with the deposition given by Tyra Jackson.
With the three depositions as the factual material upon which the trial court based its ruling in addressing the question of whether or not Mr. Womack was unconscious when the collision occurred, the trial court did not err in finding that he was unconscious.
The first assignment of error is overruled.
In summary, the first assignment of error is overruled. The second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part and the case is remanded for further appropriate proceedings.
BROWN, J., concurs.
BRYANT, J., dissents.