OPINION
On September 26, 1996, appellee Raymond Mattox, Sr. and his son, decedent Raymond Mattox, Jr., were involved in an automobile accident in Jackson Township, Ohio. A vehicle operated by Ryan Adams went left of center, striking appellees' vehicle head-on. Appellees' vehicle was then immediately rear ended by another vehicle operated by Milo Merritt.
Appellees received payment under the liability insurance policies issued to both Adams and Merritt. At the time of the accident, appellees were insured under a homeowner's policy issued by appellant Allstate Insurance Company. Appellees presented a claim for underinsured motorist coverage under the homeowner's policy pursuant to Selander v. ErieInsurance Group (1999), 85 Ohio St.3d 541. Allstate denied the claim.
Appellees then brought the instant declaratory judgment action in the Stark County Common Pleas Court seeking a declaration of the parties' rights and obligations under the policy. The court granted summary judgment in favor of appellees, finding underinsured motorist coverage arose by operation of law under the homeowner's policy. Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES BY ITS DETERMINATION THAT THE ALLSTATE HOMEOWNER'S POLICY, NUMBER 026266188, PROVIDES UNINSURED/UNDERINSURED MOTORIST COVERAGE TO PLAINTIFFS-APPELLEES.
Summary judgment is appropriate where there is no dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Civ.R. 56 (C). In reviewing a summary judgment, we stand in the shoes of the trial court, considering the judgment on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
In the instant case, it is undisputed that the policy in question provides automobile liability coverage in limited circumstances for vehicles that are not subject to motor vehicle registration and are not designed and used for transporting people on a public highway, and also provides coverage for bodily injury for residence employees incurred in the course of their employment. The sole issue for this court is whether this limited motor vehicle insurance coverage subjects the homeowner's policy to R. C. 3937.18, thereby requiring UM/UIM coverage.
A homeowner's insurance policy that provides limited liability coverage for vehicles that are not subject to motor vehicle registration, and are not intended to be used on a public highway, is not a motor vehicle liability policy and is not subject to the requirement that uninsured and underinsured motorist coverage be offered. Davidson v. Motorist MutualInsurance Company (2001), 91 Ohio St.3d 262, syllabus. Thus, the coverage in the instant policy for bodily injury caused by vehicles which are not subject to registration and intended for use on the public highway does not render the instant policy a motor vehicle policy, for which the statute requires that underinsured/uninsured motorist coverage be offered.
Thus, the sole issue before this court is whether the residence employee provision could be construed so as to provide UM/UIM coverage. This court has previously applied the reasoning of the Davidson decision to policies including the "residence employee" language, finding that such policies are not motor vehicle policies. Henry v. Nationwide MutualFire Insurance Company (September 28, 2001), Muskingum Appellate No. CT2001-0014, unreported; Trussell v. United Ohio Insurance Company
(January 16, 2002), Perry Appellate No. 01-CA-15, unreported; Vohsing v.Auto-Owners Insurance Company (January 14, 2002), Licking Appellate No. 01-CA-56, unreported. Based on the precedent of this court, we sustain appellant's sole assignment of error.
The summary judgment of the Stark County Common Pleas Court is vacated. Pursuant to App.R. 12 (B), we hereby enter the judgment the trial court should have entered, granting summary judgment to appellant Allstate Insurance Company, declaring that the instant homeowner's policy issued by appellant to appellees does not provide UM/UIM coverage.
By GWIN, J., and FARMER, J., concur. HOFFMAN, P.J., dissents.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the summary judgment of the Stark County Common Pleas Court is vacated. Pursuant to App.R. 12 (B), we hereby enter the judgment the trial court should have entered, granting summary judgment to appellant Allstate Insurance Company, declaring that the instant homeowner's policy issued by appellant to appellees does not provide UM/UIM coverage. Costs to appellees.