OPINION
Defendant-appellant American States Insurance Company [hereinafter American States] appeals the August 12, 2002, and October 8, 2002, Judgment Entries of the Stark County Court of Common Pleas which denied American States' Motion for Summary Judgment and granted plaintiffs-appellees', Morgan Weaver's and his legal guardians', [hereinafter appellees] Motion for Partial Summary Judgment.
STATEMENT OF THE FACTS AND CASE
On December 29, 1997, appellee Morgan Weaver was injured when the bicycle he was riding was struck by an automobile driven by George McKay. Morgan sustained serious, permanent injury to his brain stem, leaving him permanently injured and disabled. On January 4, 1999, Morgan was adjudged legally incompetent by the Tuscarawas County Probate Court. Morgan's parents, Deborah and Edward, were appointed his legal guardians.
McKay, who has since died, was insured by State Auto Insurance Company. An interpleader action was brought by State Auto in the Carroll County Court of Common Pleas. State Auto deposited $100,000.00, the limits of McKay's insurance, with the court so that the court could determine how to divide the proceeds.
Appellees had a personal automobile insurance policy and a personal homeowner's insurance policy with American Preferred Insurance Company [hereinafter American Preferred]. Appellees provided notice of the accident to their agent, Philip Saint-Amand. Appellees sought underinsured coverage from their American Preferred policies.
At the time of the accident, Morgan resided with his parents. At that time, Morgan's mother, Deborah Weaver, was employed by Union Hospital Association in Dover, Ohio. Union Hospital Association, trustees of Union Hospital and Union Hospital auxiliary [collectively hereinafter Union Hospital] were the named insured on a policy of insurance issued by appellant American States. That policy of insurance included coverage for uninsured/underinsured motorists with limits of $1,000,000.00. Philip Saint-Amand was an agent for American States.
Subsequently, appellees sought underinsured motorists coverage under Union Hospital's policy for the injuries Morgan sustained in the December 29, 1997, accident. Appellees alleged that Morgan was an insured pursuant to Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660
and Ezawa v. Yasuda Fire and Marine Ins. Co. of Am. (1999),86 Ohio St.3d 577.
On November 21, 2001, appellees filed a complaint for a declaratory judgment and breach of contract. On April 8, 2002, appellees filed a motion for partial summary judgment. On May 10, 2002, American States filed a motion for summary judgment and brief in opposition to appellees' motion. After a series of reply and response memorandums, the trial court issued its decision denying American State's motion for summary judgment and granting appellees' motion for partial summary judgment on August 12, 2002. The trial court later amended its Judgment Entry on October 8, 2002, adding Civ.R. 54(B) language.
It is from the trial court's denial of American State's motion for summary judgment and granting of appellees' motion for partial summary judgment that American States appeals, raising the following assignments of error:
"I. The trial court erred by determining that a claimant seeking underinsured motorist coverage under the insurance policy issued to his mother's employer pursuant to Scott-pontzer V. Liberty Mutual FireInsurance Company was not required to comply with the terms regarding notice of the claim.
"II. The trial court erred by determining that a claimant seeking underinsured motorist coverage under the insurance policy issued to his mother's employer pursuant to Scott-pontzer V. Liberty Mutual FireInsurance Company was not required to comply with the terms regarding protection of the subrogation rights of the insurer against the tortfeasor."
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civil Rule 56 concerns summary judgment and provides the following, in pertinent part:
"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
It is based upon this standard that we review appellant's assignments of error.
 I, II
Appellant submits two assignments of error. As the assignments of error raise common issues, we will review the interrelated assignments of error together.
Appellant argues that the trial court erred when it held that a party seeking underinsured coverage pursuant to Scott-Pontzer was not required to comply with the terms of the coverage regarding notice of the claim and protection of insurer's subrogation rights. We agree.
Appellees seek underinsured motorist coverage from Union Hospital's American States' policy. The Business Auto Coverage Form, in Section IV — Business Auto Conditions of the American States policy, establishes the duties and conditions under the policy. That section of the policy provides the following notice clause:
"A. LOSS CONDITIONS
"* * *
"2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS.
"a. In the event of `accident,' claim, `suit' or `loss,' you must give us or our authorized representative prompt notice of the `accident' or `loss'. Include:
"(1) How, when and where the `accident' or loss occurred;
"(2) The `insureds' name and address; and
"(3) To the extent possible, the names and addresses of any injured persons and witnesses." (Emphasis added.)
The Ohio Uninsured Motorist Coverage Endorsement to the American States policy specifically sets forth the additional duties, above and beyond the duties found in the Business Auto Coverage Form, with which a person seeking underinsured motorist coverage must comply. The endorsement provides the following subrogation clause:
"E. CHANGES IN CONDITIONS
"The CONDITIONS of the policy for OHIO UNINSURED MOTORISTS INSURANCE are changed as follows:
"2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS is changed by adding the following:
"* * *
"(c) A person seeking Uninsured Motorist Coverage must also promptly notify us in writing of a tentative settlement between the `insured' and the insurer of the [underinsured] vehicle . . . and allow us 30 days to advance payment to that insured in an amount equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such [underinsured] vehicle. . . ."
The trial court held that it would "not impose the impossible burden upon the parties of predicting the Ohio Supreme Court decision inScott-Pontzer. Neither Plaintiffs nor American States could have predicted that these type of claims would be covered under these types of policies." Thus, the trial court concluded that the subrogation clause was not applicable and a violation of the subrogation clause would not bar recovery.
As to the notice provision, the trial court incorporated its reasoning in regard to subrogation and further found that American States was in fact provided notice of the claim. "The Plaintiffs had a different policy issued by American States Preferred Insurance, which along with American States Insurance Co. is a wholly owned subsidiary of Safeco Insurance Company. The claim was for the same accident, which is the subject of this action. Obviously, neither American States nor Plaintiff, was concerned with the policy now at issue when the Plaintiffs pursued coverage pursuant to another personal policy. . . . All parties and this Court must agree that had the Plaintiffs actually requested coverage, prior to 1999, upon this Policy, the action would have indeed been futile and vain. The Court finds that American States is estopped from claiming lack of notice as it was not prejudiced. Therefore, the Court will not bar Plaintiffs' claims due to lack of notice." August 12, 2002, Judgment Entry.
The Ohio Supreme Court recently addressed the issues of notice and subrogation clauses in Ferrando v. Auto-Owners Mutual Insurance Co.,98 Ohio St.3d 186, 2002-Ohio-7217, 781 N.E.2d 927. The Ferrando Court held:
"When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
"When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988], 36 Ohio St.3d 22,521 N.E.2d 447, paragraph four of the syllabus, overruled in part.)"Ferrando, paragraphs one and two of syllabus.
After setting forth the above standards, the Ferrando Court articulated a two-step approach for determining whether the prompt notice and subrogation-related provisions were breached, and if so, whether the breach resulted in prejudice to the extent that uninsured/underinsured coverage is then forfeited.
"The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.'" Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
"In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. Also, if the insurer failed to respond within a reasonable time to a request for consent to the settlement offer, or unjustifiably withheld consent, the release will not preclude recovery under the UIM policy, and the subrogation clause will be disregarded. McDonald, paragraphs two and three of the syllabus; Fulmer, paragraph one of the syllabus. If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Ferrando, at ¶ 90-91.
Because the trial court made its decision prior to the announcement ofFerrando, it did not have the benefit of the Supreme Court's guidance and the parties did not have full opportunity to present evidence and arguments corresponding to the factors and two-step approach presented inFerrando. Therefore, the issues of notice and subrogation clauses are remanded to the trial court for review in light of the Ferrando
decision.
However, before this matter is remanded, there is an issue that was decided by the trial court that we find should be addressed. The trial court held that American States received notice because notice of the accident was given to American States Preferred. American States and American States Preferred are both wholly owned subsidiaries of Safeco Insurance Company and one local agent (Philip Saint-Amand) represented both companies. However, we disagree with the trial court and find that notice to American States Preferred was not notice to American States, despite the companies' relationship.
According to the American States policy, in the event of an accident or claim, prompt notice was to be provided. The notice was to include, among other things, the insured's name and address. See Business Auto Conditions, supra. In this case, there was evidence that notice of the accident was given to Philip Saint-Amand, an agent for American States Insurance and American States Preferred. However, a letter written to follow up on that notice indicated that claims were being made on the appellees' American States Preferred automobile and homeowner policies. There is no indication that notice was given that a claim was being sought under Union Hospital's American States policy. Rather, Amand testified that appellees made no claim under any American States commercial policy. Thus, we conclude that the trial court erred when it found that American States was provided notice of appellees' claim in regard to underinsured coverage under Union Hospital's policy.
In conclusion, appellant's first and second assignments of error are sustained. The judgment of the Stark County Court of Common Pleas is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.
By Edwards, J., Gwin, P.J. and Farmer, J. concurs.
In Re: Summary Judgment — Scott-Pontzer.