OPINION
{¶ 1} Defendant-appellant Federal Insurance Company [hereinafter Federal] appeals from the January 27, 2003, Judgment Entry of the Stark County Court of Common Pleas which granted summary judgment in favor of plaintiffs-appellees Kenneth R. Jones and Mary B. Jones [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 27, 1999, Kenneth R. Jones was injured in an automobile accident with an underinsured motorist. Kenneth Jones was riding a motorcycle he owned.
 {¶ 3} At the time of the accident, Kenneth Jones was an employee of American Electric Power [hereinafter AEP]. AEP was insured under two policies issued by Federal: a business auto policy and a general liability policy.[1] AEP was also insured under an umbrella policy issued by Energy Insurance (Bermuda) Ltd. [hereinafter Energy].
 {¶ 4} Kenneth Jones was married to Mary Jones. Mary Jones was an employee of M.K. Morse Co. M.K. Morse Co. was insured by American Motorists Insurance Co. [hereinafter American] through three policies: an automobile policy, a commercial general liability policy and an umbrella policy.
 {¶ 5} On May 30, 2001, appellees filed a complaint against Federal and American, seeking uninsured/underinsured [hereinafter UM/UIM coverage]. Federal removed the action to the United States District Court in the Northern District of Ohio on July 5, 2001. While the case was pending before the United States District Court, appellees filed an amended complaint on September 18, 2001, adding Energy as a defendant.
 {¶ 6} On November 15, 2001, the United States District Court remanded the matter to the Stark County Court of Common Pleas for want of jurisdiction. Federal appealed the District Court's remand to the United States Court of Appeals for the Sixth Circuit on December 11, 2001. However, the Sixth Circuit also dismissed for want of jurisdiction. Federal then appealed that decision to the Supreme Court of the United States. The petition was denied and the matter was returned to the Stark County Court of Common Pleas.
 {¶ 7} While Federal's appeal to the United States Supreme Court was still pending, the Stark County Court of Common Pleas entered a scheduling order requiring appellees to file their motion for summary judgment by May 1, 2002. The scheduling order also required the appellants to file their motions for summary judgment by June 3, 2002. The matter was set for non-oral hearing on July 2, 2002. Motions and responsive briefs were timely filed by all parties.
 {¶ 8} On December 17, 2002, the trial court entered summary judgment in favor of appellees as to the Federal policies. The trial court found $300,000.00 in UM/UIM coverage to be available to appellees under the Federal Business Auto Policy and $1,000,000.00 in UM/UIM coverage to be available to appellees under the Federal General Liability Policy.[2]
 {¶ 9} On January 27, 2003, the trial court entered a Nunc Pro Tunc Judgment Entry, adding Civ. R. 54(B) language to its prior Judgment Entry. Thereafter, Federal appealed the trial court's Entry of summary judgment, raising the following assignments of error:[3]
 {¶ 10} "I. The trial court erred in finding the Federal Business Auto Policy and the Federal General Liability Policy to be within the terms of R.C. 3937.18 as, under both policies, American electric power is a de facto self-insured thereby removing both policies from the operation of R.C. 3937.18.
 {¶ 11} "II. The trial court erred in finding plaintiffs to be insureds under the Federal Business Auto Policy.
 {¶ 12} "III. The trial court erred in finding the Federal General Liability Policy to be an automobile liability policy of insurance within the purview of R.C. 3937.18 and that the plaintiffs are insureds under its terms.
 {¶ 13} "IV. The trial court erred in finding the plaintiffs to be entitled to UM/UIM coverage where they breached the prompt notice and preservation of subrogation rights provisions of the Federal policies and failed to adduce evidence to rebut the presumption of prejudice therefrom.
 {¶ 14} "V. The trial court erred in finding $300,000 in liability coverage under the Federal Business Auto Policy and $1,000,000 in liability coverage under the Federal General Liability Policy when each policy was limited to a $250,000 per occurrence coverage limit."
 {¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 30 Ohio B. 78, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 16} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 17} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. It is based upon this standard that we review appellant Indiana's assignments of error.
 II {¶ 18} In the second assignment of error, appellant contends that the trial court erred when it found that appellees were insureds under the Federal Business Auto Policy [hereinafter BAP]. We agree.
 {¶ 19} The BAP contains no express UM/UIM coverage. Appellees contend that coverage arises by operation of law and they are insureds under the BAP pursuant to Scott-Pontzer. However, the Ohio Supreme Court has recently limited Scott-Pontzer. In Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256 the Ohio Supreme Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment." Id. paragraph two of the syllabus. Even though Galatis dealt with the definitions of an insured when there is express UM/UIM coverage, the reasoning was applied to UM/UIM coverage which arises by operation of law in the case of In re Uninsured and Underinsured MotoristCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888. The Galatis court held further that "where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis, at paragraph 3 of syllabus.
 {¶ 20} In the case sub judice, appellee Kenneth Jones was injured while operating his motorcycle on personal business. Thus, appellee Kenneth Jones did not sustain an injury while in the course and scope of his employment and neither Kenneth Jones nor Mary Jones are named insureds. Therefore, assuming, arguendo, that the BAP policy provided UM/UIM coverage by operation of law, neither appellees would be an insured.
 {¶ 21} Accordingly, appellant's second assignment of error is sustained.
 III {¶ 22} In the third assignment of error, appellant contends that the trial court erred when it found that the Federal general liability policy [hereinafter GLP] was an automobile liability policy of insurance within the purview of R.C. 3937.18 and that the appellees are insured under its terms. We agree.
 {¶ 23} Appellees seek coverage by arguing that the GLP is subject to R.C. 3937.18. Appellees contend that since appellant failed to offer UM/UIM coverage, the UM/UIM coverage arises by operation of law and extends to appellees.
 {¶ 24} We find that even if this Court assumed arguendo that the GLP was an automobile liability policy of insurance and coverage arose by operation of law, appellees would not be insureds entitled to UM/UIM coverage. Appellee Kenneth Jones was injured while operating his motorcycle on personal business. Pursuant to Galatis, supra, and In ReUninsured, supra, since the loss was not sustained by Kenneth Jones while in the scope of his employment and neither Kenneth or Mary Jones are named insureds in the policy, appellees Kenneth and Mary Jones are not entitled to UM/UIM coverage even if such coverage did arise by operation of law.
 {¶ 25} Accordingly, appellant's third assignment of error is sustained.
 I, IV, V {¶ 26} Pursuant to our holding in assignment of error II and III, appellant's first, fourth and fifth assignments of error are moot.
 {¶ 27} Accordingly, the remaining assignments of error are overruled.
 {¶ 28} The judgment of the Stark County Court of Common Pleas is reversed and judgment shall be entered in favor of appellant Federal Insurance Company on its Motion for Summary Judgment regarding its business auto policy and general liability policy issued to American Electric Power.
Edwards, J., Gwin, P.J. and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. Judgment is granted to Federal Insurance Company on its Motion for Summary Judgment regarding its business auto policy and general liability policy issued to American Electric Power. Costs assessed to appellees.
[1] The policy period of each policy was July 1, 1997, through July 1, 2000.
[2] Although not relevant to the appeal herein, the trial court held that the American policies did not extend coverage to appellees but that the Energy excess policy, in effect January 1, 2001, — July 1, 2001, did extend coverage to appellees.
[3] Energy appealed and its appeal was docketed as Stark App. No. 2003CA00075. Appellees, Robert and Mary Jones, appealed in regard to the American policies, and that appeal was docketed as Stark App. No. 2003CA00084. The appeals were consolidated by this Court for the purposes of oral argument only.