OPINION
{¶ 1} Plaintiff A. Altman Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendants Shell Oil Company, Campbell Oil Company, and Equilon Enterprises LLC. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST ALTMAN BECAUSE A GENUINE ISSUE OF MATERIAL FACT REMAINED REGARDING WHETHER SHELL, EQULION, AND CAMPBELL BREACHED THE LEASE BY REMOVING THE EXISTING BUILDING ON THE LEASED PREMISES."
 {¶ 3} Appellant's Loc. R. 9 (A) statement asserts the judgment of the trial court was inappropriate because there is a genuine issue of material fact. Civ. R. 56 states in part:
 {¶ 4} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as to a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
 {¶ 5} A trial court should not grant summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-movant, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. AmericanStates Insurance Co. (1981), 67 Ohio St. 2d. 427. A reviewing court reviews a judgment de novo, using the same standard as the trial court,Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35.
 {¶ 6} Certain facts are undisputed. In 1972, appellant's predecessor in interest, Schuman Realty Company, entered into a lease agreement with appellee Shell for the premises located at the Southeast corner of Tuscarawas and Raff Road S.W. in the City of Canton, Stark County. On the premises was a building formerly used as a restaurant. Schuman Realty Company transferred its interest as lessor to appellant in 1981, and sometime later, Shell assigned the lease to appellee Campbell.
 {¶ 7} Paragraph five of the original lease agreement provides in pertinent part:
 {¶ 8} "Shell shall at Shell's expense promptly * * * obtain all necessary legal permission * * * to use the leased premises for, and to construct thereon, an automobile service station in accord with Shell's plans and specifications, provided however, that, upon completion, the improvement to the leased premises shall have a fair market value of not less than $75,000 * * *" This provision was amended in 1975 to require the service station and incidental improvements have a fair market value of not less than $25,000.
 {¶ 9} The first amendment to the lease provided for Shell to remove the restaurant structure and to construct the automobile service station.
 {¶ 10} At issue is clause 15 entitled "Removal-Surrender-Forfeiture". This clause provided all buildings and other improvements on the premises would remain Shell's property, and Shell had the right to remove any or all of it. At the termination of the lease, Shell was required to return the premises to the lessor in as good a condition as it received it, subject to ordinary wear and tear. Before the lease was terminated, Shell was required to remove all of its pumps, lights, and signs. At the option of the lessor, Shell would fill the underground tanks with sand or other material consistent with all government regulations.
 {¶ 11} Clause 15 further provided: "In the event that Shell shall remove the other improvements made by it in on or about the leased premises Shell will pay to the lessor the sum of $30,000 in compensation for the lessor's loss of the original buildings."
 {¶ 12} Appellee removed the building, and Appellant brought suit against Shell and its assignees for lost rent and for the $30,000 forfeiture payment. The issue of rent is not before us.
 {¶ 13} Although the lease provides the $30,000 is compensation for the loss of the original buildings, the trial court correctly found appellant knew Shell intended to demolish the building and to build an automobile service station, as evidenced by paragraph five of the lease agreement. The court properly concluded Shell's removal of the restaurant building did not automatically entitle appellant to the $30,000 payment. The court found the $30,000 payment is conditioned upon Shell's removal of other improvements.
 {¶ 14} The trial court found appellant directed Shell to remove the building at the termination of the lease, and the testimony of appellant's officer supports this finding. The trial court found no breach of the lease agreement because appellant approved the removal of the improvements. We find the trial court erred in reaching this conclusion.
 {¶ 15} Appellee did not decide to demolish the building, but rather was prepared to surrender the property with the building intact. Thus, the deciding fact in this case is whether the building was worth $25,000. If the building was worth $25,000 or more, then appellee did not breach the lease. On the other hand, if the building was worth less than $25,000, then appellee was required to pay the $30,000. We find what appellant decided to do with the building is irrelevant. The issue is whether appellee breached the clause of the lease requiring it to leave a building worth $25,000, or compensate appellant.
 {¶ 16} We have reviewed the record, and we find no evidence of the value of the building. Accordingly, we find the trial court erred in concluding there was no breach.
 {¶ 17} The assignment of error is sustained.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
Gwin, P.J., and Farmer, J., concur Hoffman, J., dissents