OPINION
{¶ 1} Defendant/Third-Party Plaintiff-Appellant Nationwide Mutual Insurance Company appeals from the October 31, 2002 Judgment Entry of the Stark County Court of Common Pleas entering summary judgment in favor of Third-Party Defendant-Appellee Cincinnati Insurance Company.
1. STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 18, 2000, Plaintiff David Contrucci was injured when the automobile he was driving was involved in a collision caused by the negligence of Amanda Jean Bower. As a result of the above accident, Plaintiff Contrucci sustained substantial injuries.
 {¶ 3} Plaintiffs settled with Ms. Bower's insurance company for policy limits of $12,500. Said settlement and release with the tortfeasor was completed with the permission of Plaintiffs' insurance company, Nationwide Insurance Company (Nationwide), with which they had UIM coverage of $300,000.
 {¶ 4} At the time of the collision, Plaintiff David Contrucci's wife worked for Buckeye Color Labs (Buckeye) which carried a Business Auto Policy with Cincinnati Insurance Company (Cincinnati) with UIM coverage of $300,000.
 {¶ 5} On May 13, 2002, Plaintiffs filed a lawsuit in the Stark County Court of Common Pleas against Nationwide.
 {¶ 6} On June 13, 2002, Defendant-Appellant Nationwide filed an Answer and a Third Party Complaint against a number of parties, including Cincinnati Insurance Company. The claims against Cincinnati sought contribution for coverage on a pro rata basis.
On October 5, 2002, Defendant-Appellant Nationwide filed a Motion for Summary Judgment on the issue of available UIM coverage under the Cincinnati policy, to which Cincinnati responded with a combined memorandum in opposition and cross-motion for summary judgment.
 {¶ 7} As memorialized in its Judgment Entry filed on October 31, 2002, the trial court granted Cincinnati's motion for summary judgment as to the Business Auto policy. The trial court found that the UIM claim was barred on late notice, failure to protect subrogation rights and a two-year contractual limitations clause.
 {¶ 8} Third Party Plaintiff/ Defendant-Appellant Nationwide now prosecutes this appeal, raising the following assignment of error:
 ASSIGNMENT OF ERROR I. {¶ 9} "The trial court erred in ruling that nationwide was precluded from demanding underinsured motorist coverage from Cincinnati when the evidence before the court established that Cincinnati was not prejudiced by the release of the tortfeasor."
i.STANDARD OF REVIEW
 {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states in pertinent part:
 "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} It is based upon this standard we review appellant's assignments of error.
1. I.
 {¶ 12} Appellant Nationwide, in its sole assignment of error, challenges the trial court's finding that UM/UIM coverage was not available from Appellee Cincinnati Insurance Company.
 {¶ 13} In reviewing the facts in the instant matter, it is apparent that Appellant Nationwide had a duty to protect the subrogation rights of Appellee Cincinnati prior to settling with the tortfeasor. Unlike a settlement which occurred prior to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 710 N.E.2d 1116, Appellant Nationwide in the instant matter was well aware of the legally recognized UIM claim at the time of the settlement with the tortfeasor. To be specific, Appellant Nationwide granted permission to Plaintiff to settle with and release the tortfeasor prior to Nationwide filing its third-party complaint against Appellee Cincinnati, which did not occur until June 13, 2002.
 {¶ 14} The Plaintiff, with the consent of Appellant Nationwide, settled with the tortfeasor prior to notifying Appellee Cincinnati of his intent to assert an UM/UIM claim. Additionally, plaintiff, with the consent of Appellant Nationwide, settled with the tortfeasor after the announcement of the Scott-Pontzer decision. Accordingly, the appellant was under a duty to protect the subrogation rights of reimbursement because those very rights existed at the time of settlement with the tortfeasor.
 Notwithstanding the fact that Appellant Nationwide breached the subrogation provisions of the Cincinnati policy, the Ohio Supreme Court recently determined, in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217, that "when an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice." Id. at paragraph one of the syllabus. Further, "when an insurer's denial of uninsured motorist coverage is premised on the insured's breach of a * * * subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights." Id. at paragraph two of the syllabus. In each instance, an insured's unreasonable delay in giving notice, or an insured's breach of a subrogation provision is presumed prejudicial to the insurer absent evidence to the contrary. Id.
 {¶ 15} Therefore, according to Ferrando, the inquiry whether UIM coverage is owed does not stop upon a finding of breach of a policy provision. Instead, a trial court must consider the effect of the breach. If the breach is not prejudicial to the insurer, coverage will be owed.
 Accordingly, in applying the facts of the instant matter, it is clear that plaintiffs and Appellant Nationwide were under a duty to protect Appellee Cincinnati's rights of subrogation prior to settlement with the tortfeasor. Therefore, in accordance with Ferrando, supra, we hereby remand the instant matter to the lower court to determine whether the Appellant's breach of the provisions for subrogation and consent to settle, which did destroy Appellee Cincinnati's subrogation rights, prejudiced Cincinnati. In following Ferrando, the lower court must be mindful that the burden of showing that Cincinnati was not prejudiced falls on the Appellant, since its breach is presumed prejudicial to the insurer absent evidence to the contrary. Id.; See, also, Straughan v. The Flood Co., 2003-Ohio-290.
 {¶ 16} In this case, the trial court ended its inquiry at its finding of breach, without considering the effect of the breach. We conclude that this matter must be remanded for further consideration, in accordance with the holding in Ferrando.
 {¶ 17} In accordance with Ferrando, we hereby remand the instant matter to the lower court to determine whether the appellee's breach of the prompt notice provision and breach of the subrogation and consent to settle provision, which did destroy Appellee Cincinnati's subrogation rights, prejudiced Cincinnati. In following Ferrando, the lower court must be mindful that the burden of showing that Appellant Cincinnati was not prejudiced falls on the Appellant, since its breach is presumed prejudicial to the insurer absent evidence to the contrary. Id.; See, also, Straughan v. The Flood Co., 2003-Ohio-290.
 {¶ 18} Appellant Nationwide's sole assignment of error is, therefore, sustained.
 The judgment of the Stark County Court of Common Pleas is hereby REVERSED and REMANDED to the trial court so that the trial court can conduct a complete analysis consistent with the Supreme Court's recent decision in Ferrando, supra.
Gwin, P.J. and Wise, J., concur.
Topic: UM/UIM coverage, subrogation.