OPINION
{¶ 1} Defendant-appellant Centennial Insurance Company appeals from the October 4, 2002, Judgment Entry of the Stark County Court of Common Pleas granting plaintiff-appellee State Auto Mutual Insurance Company's Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 22, 1997, Hugh Chambers, III, was a passenger in a vehicle owned and operated by Vincent Incarnato. Vincent Incarnato operated the vehicle in such a manner as to cause it to crash into another vehicle. Hugh Chambers, III, died as a result of the injuries he sustained in the accident.
 {¶ 3} Carole Anderson was the mother of Hugh Chambers, III. At the time in question, Anderson was insured by two motor vehicle liability policies, one issued by appellee State Auto Mutual Insurance Company and the other by United Ohio Insurance Company. Anderson, who was appointed Administrator of her son's Estate, settled her claims and those of the Estate against appellee State Auto and United Ohio Insurance Companies for a total of $315,000.00. Anderson also received the policy limits from Vincent Incarnato's personal automobile insurance policy. As part of the release Anderson executed when she settled her claims against appellee State Auto and United Ohio Insurance Company, Anderson agreed to hold in trust for them all rights of recovery which she might have against any person or organization, including but not limited to her employer at the time of the accident. The release specifically states Anderson assigned any and all claims she might have pursuant to Scott-Pontzer v. LibertyMut. Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
 {¶ 4} At the time of her son's death, Anderson was employed by the now defunct Goodson Newspaper Group, then doing business in Ohio as the Massillon Independent Newspaper. At the time of the accident, the Massillon Independent was insured under a business auto policy that had been issued by appellant Centennial Insurance Company. Such policy included UM/UIM coverage.
 {¶ 5} On January 23, 2001, appellee State Auto filed a complaint against Goodson Newspaper Group dba Massillon Independent seeking recovery of part of the money that State Auto had paid to Anderson and the Estate. On July 19, 2001, United Ohio Insurance Company filed a Motion to Intervene as an additional plaintiff "to assert claim for monetary damages against Massillon Independent." Such motion was granted by the trial court.
 {¶ 6} The record indicates that on May 15, 2002, the trial court entered a partial summary judgment on behalf of United Ohio. On May 22, 2002, appellant Centennial Insurance moved for reconsideration, and the trial court denied such motion via a Judgment Entry filed on June 11, 2002. Thereafter, pursuant to a Judgment Entry filed on October 4, 2002, the trial court granted summary judgment in favor of appellee State Auto. The trial court, in its October 4, 2002, entry, specifically held that appellant Centennial was "required to pay State Auto its pro-rata share of the liability for UIM benefits for the January 27, 2000, accident." The October 4, 2002, judgment is a final appealable order, while the May 15, 2002, and June 11, 2002, Judgment Entries were not final orders pursuant to Civ.R. 54. As such, the motion to reconsider challenged an interlocutory order, and is not before this court.
 {¶ 7} Appellant Centennial Insurance now raises the following assignments of error on appeal:
 {¶ 8} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS-APPELLEES AND AGAINST DEFENDANT-APPELLANT.
 {¶ 9} "II. THE TRIAL COURT ERRED IN DECLINING TO GRANT SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLANT."
 STANDARD OF REVIEW {¶ 10} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Civ.R. 56(C) states in pertinent part: Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 11} It is based upon this standard that we review appellant's two assignments of error.
 I II {¶ 12} Appellant, in its two assignments of error, argues that the trial court erred in granting summary judgment in favor of appellee State Auto and against appellant and in declining to grant summary judgment in favor of appellant. We disagree.[1]
 {¶ 13} Appellant, in its brief, argues that the trial court erred in granting summary judgment to appellee State Auto since the notice and subrogation provisions in the Centennial policy "have clearly been breached." While the Centennial policy contains an Ohio UM/UIM endorsement, the parties apparently all agree that Centennial did not comply with the requirements set forth by the Ohio Supreme Court in Linkov. Indemn. Ins. Co. of N. Am., 90 Ohio St.3d 445, 2000-Ohio-92,739 N.E.2d 338, in attempting to limit UM/UIM coverage to $25,000.00. However, because appellant did not comply with Linko, supra., UM/UIM coverage arises by operation of law in an amount equal to the liability limits contained in the policy. See Morrison v. Emerson, Stark App. No. 2002CA00414, 2003-Ohio-2708. This Court has held, and continues to hold, that notice and subrogation requirements found in a liability policy do not apply to coverage that arises by operation of law. Rohr v. CincinnatiInsurance Co., Stark App. No. No. 2001CA00237, 2002-Ohio-1583 ; Greenev. Westfield Insurance Co., Stark App. No. 2002CA00114, 2002-Ohio-6179. In Rohr, this Court held that express UM/UIM coverage which is for less than the liability limits is invalidated in toto when the correct limits were not offered and rejected according to law. Thus, the notice and subrogation provisions in Centennial's policy cannot be imputed to UIM coverage that arises by operation of law.
 {¶ 14} Appellant also argues that appellee State Auto has no right of contribution against it even though Anderson assigned her rights as part of her settlement agreement with appellee State Auto and United Ohio Insurance Company. Appellant advances two arguments.
 {¶ 15} First, appellant cites us to Farm Bureau Mutual AutoInsurance Co. v. Buckeye Union Insurance Co. (1946), 147 Ohio St. 79,67 N.E.2d 906, wherein the Ohio Supreme Court found that where two insurance companies were liable pro rata to the plaintiff, one company cannot pay the entire claim and then seek contribution from the other. The rationale was that under the circumstances, neither insurance company was liable for the entire claim, and as such, any payment made over and above the respective pro rata amount was a voluntary payment that created no right of contribution or indemnification.
 {¶ 16} We find the Farm Bureau case inapplicable here. The reasoning therein may have merit as to primary versus excess insurers, but here, all companies stand on equal footing as to liability. Thus, in no way can appellees be regarded as volunteers. Further, public policy strongly favors settlement of claims, and this court will not discourage settlements like the one at bar absent a compelling reason.
 {¶ 17} Secondly, appellant argues its policy of insurance contains a clause requiring its consent to any assignment of claims against it. The trial court found this clause unenforceable, and we agree. The transfer of rights clause is in the liability section of the policy, and appellees argue, however effective the clause may be regarding straight liability claims, the clause should not carry over to the UM/UIM portion which arises, not as a matter of policy language, but as a matter of Ohio law. We concur.
 {¶ 18} Finally, appellant Centennial, in its assignments of error, argues that the trial court erred in holding that the Centennial policy prorates with the State Auto policy.
 {¶ 19} The State Auto policy provides in pertinent part:
 {¶ 20} "If there is applicable similar insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, anyinsurance we provide with respect to a vehicle you do not own shall beexcess over any other collectible insurance.(Emphasis added.)
 {¶ 21} In turn, Centennial's policy states in pertinent part:
 {¶ 22} "b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible uninsured motorist insurance providing coverage on a primary basis.
 {¶ 23} "c. If the coverage under this Coverage Form is provided:***
 {¶ 24} "(2) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis."
 {¶ 25} In Buckeye Union Insurance. Co. v. State Auto. MutualInsurance Company (1977), 49 Ohio St.2d 213, 361 N.E.2d 1052, syllabus, the Supreme Court of Ohio held as follows: "Where two insurance policies cover the same risk and both provide that their liability with regard to that risk shall be excess insurance over other valid, collectible insurance, the two insurers become liable in proportion to the amount of insurance provided by their respective policies." In the case sub judice, Anderson's damages did not result from a vehicle that was owned by her. Therefore, pursuant to the above emphasized language, the coverage provided by appellee State Auto is excess over any other collectible insurance. Since, as noted by the trial court, both policies are, therefore, excess policies, we find that the trial court did not err in holding that appellant Centennial must pay its pro-rata share to appellee State Auto.
 {¶ 26} Appellant's two assignments of error are, therefore, overruled.
 {¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Edwards, J. and Farmer, J., concur.
[1] While appellant originally filed an appeal against United Ohio Insurance Company, on July 8, 2003, appellant filed a "Notice of Voluntary Dismissal" of such appeal. Thus, only the appeal against State Auto remains pending.