OPINION
{¶ 1} Defendant-appellant American Foreign Insurance Company appeals the December 20, 2002 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment to plaintiff-appellees Rebecca and Robert Oswald.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Initially, we note appellee's brief fails to provide a recitation of the statement of facts. Accordingly, pursuant to App.R. 16(B), this Court adopts appellants' statement of facts.
 {¶ 3} On May 9, 2000, Rebecca Oswald was driving her automobile when the tortfeasor, Jamie Greathouse, rear-ended Ms. Oswald's vehicle. As a result, Rebecca sustained serious injury, eventually undergoing disc surgery. Her medical expenses totaled just under $32,000.
 {¶ 4} On the date of the accident, Robert Oswald, Rebecca Oswald's husband, was an employee of the Timken Company ("Timken"). Timken was insured under a commercial automobile liability policy issued by appellant American and Foreign Insurance Company ("AFIC"). The commercial auto policy provided $5 million "per occurrence" bodily injury liability coverage. Appellant Federal Insurance Company ("Federal") insured Timken under a commercial umbrella policy with a liability limit of $50 million. Pacific Insurance Company ("Pacific") issued Timken an excess liability policy providing $10 million of coverage.
 {¶ 5} Prior to suit, the Oswalds settled with and released the tortfeasor for the $12,500 limit of his liability policy. On May 5, 2002, the Oswalds filed a complaint against appellants and other insurance carriers, seeking underinsured motorists coverage under the policies. The parties each filed separate motions for summary judgment. On December 20, 2002, the trial court granted summary judgment in favor of the Oswalds and against appellants, AFIC, Federal and Pacific, finding the Oswalds entitled to underinsured motorists coverage under the various policies issued by appellants.
 {¶ 6} It is from the trial court's December 20, 2002 judgment entry appellant AFIC appeals, raising the following assignments of error:
 {¶ 7} "I. The Trial Court Erred In Denying AFIC's Motion For Summary Judgment Relative To Its Commercial Automobile Policy Issued To The Timken Company.
 {¶ 8} "II. The Trial Court Erred By Holding That UM/UIM Rejection Form Whereby The Timken Company Rejected UM/UIM Coverage Under AFIC's Commercial Automobile Liability Policy Was Invalid.
 {¶ 9} "III. The Trial Court Erred In Holding That Rebecca Oswald, Family Member Of Robert Oswald, Was An Insured Under AFIC's Business Automobile Policy If Coverage Is Imposed As A Matter Of Law.
 {¶ 10} "IV. The Trial Court Erred In Holding That Plaintiffs Were Insureds Under AFIC's Business Automobile Policy.
 {¶ 11} "V. The Trial Court Erred In Holding That The Timken Company Is Not Self Insured In The Practical Sense Subject To R.C. 3937.18.
 {¶ 12} "VI. The Trial Court Erred By Failing To Recognize That AFIC Is Entitled To A Declaration That Plaintiff-appellee Is Subject To The $1.5 Million Dollar Deductible Set Forth In AFIC's Commercial Automobile Policy Issued To The Timken Company."
 {¶ 13} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 14} Civ.R. 56(C) states, in pertinent part:
 {¶ 15} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 16} It is based upon this standard we review AFIC's assignments of error.
 I, III, IV {¶ 17} We address these assignments of error together and find our resolution of them dispositive of AFIC's entire appeal.
 {¶ 18} AFIC's first, third and fourth assignments of error are sustained on the authority of Westfield Ins. Co. v. Galatis,
100 Ohio St.3d ___, 2003-Ohio-5849; and In Re Uninsured UnderinsuredMotorist Coverage Cases, 100 Ohio St.3d ___, 2003-Ohio-5888.
 II, V, VI {¶ 19} In light of our disposition of AFIC's first, third and fourth assignments of error, we overrule these assignments of error as moot.
 {¶ 20} The judgment of the Stark County Court of Common Pleas is reversed.